859 So.2d 1025 (2003)
Elliott YOUNG, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00253-COA.
Court of Appeals of Mississippi.
October 28, 2003.
*1026 Elliott Young, appellant, pro se.
Office of the Attorney General by Jeffery A. Klingfuss, attorney for appellee.
Before McMILLIN, C.J., BRIDGES and THOMAS, JJ.
BRIDGES, J., for the Court.
¶ 1. Elliott Young pled guilty to possession of at least 0.1 gram of cocaine and was sentenced to five years in the custody of the Mississippi Department of Corrections. Within two years of his plea, Young filed a pro se motion for post-conviction relief which was denied. Aggrieved he asserts the following issues which we state.

STATEMENT OF THE ISSUES
I. WHETHER ELLIOT YOUNG'S PLEA WAS KNOWINGLY AND VOLUNTARILY ENTERED?
II. WHETHER ELLIOT YOUNG'S VEHICLE WAS SEARCHED IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION?

FACTS
¶ 2. Elliott Young pled guilty to possession of at least 0.1 gram of cocaine in March of 2000, in the Walthall County Circuit Court. Young was offered a sentencing recommendation by the district attorney of two years on this charge, but within the judge's discretion Young was sentenced to five years in the custody of the Mississippi Department of Corrections. The transcript of the sentencing proceeding was not provided for appellate review. However, during the hearing for post-conviction relief the trial judge ascertained that at the time of his plea Young was in fact represented by counsel, who had advised him of his rights and had in fact entered the guilty plea after having been advised of his constitutional and statutory rights. Appellant timely filed his appeal from the trial court's denial of post-conviction relief.

ANALYSIS
¶ 3. "When reviewing a lower court's decision to deny a petition for postconviction *1027 relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo" Graves v. State, 822 So.2d 1089, 1090(¶ 4) (Miss.Ct.App.2002) (citing Pickett v. State, 751 So.2d 1031, 1032 (¶ 8) (Miss. 1999); Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)). Young provides little support for his additional claims.
I. WHETHER ELLIOT YOUNG'S PLEA WAS KNOWINGLY AND VOLUNTARILY ENTERED?
¶ 4. Young eloquently states that as an accused stands before the bar of justice, the accused has few friends. One of Young's only friends before the bar of justice was his attorney but Young claims his plea of guilty was the result of deception from his attorney. Deception by a "firm promise" given by his attorney that the district attorney had approved a three year sentence with one year suspended and two to serve. A recommended sentence which was offered to the court for consideration but the judge did not accept. Young claims the firm promise of a reduced sentence was an improper inducement occurring prior to the plea hearing and therefore should also be considered with the court's inquiry into the voluntariness of his plea. Young offers that his answers to the questions asked by the judge at sentencing were coached by his attorney and Young believed they were necessary to achieve his reduced sentence. Therefore, Young admits to not being completely truthful when questioned about his plea.
¶ 5. Young cites to Uniform Circuit and County Court Rule 8.04(a)(3), "a plea is not voluntary if induced by fear, violence, deception or improper inducements." The standard of review for voluntariness of guilty pleas is established: "this court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous." Weatherspoon v. State, 736 So.2d 419, 421(¶ 5) (Miss.Ct.App.1999). The burden of proving that a guilty plea was involuntary is on the defendant and must be proven by a preponderance of the evidence. Id. at 422 (superceded by Miss. Code Ann. § 99-39-23 (Rev.2000)); Terry v. State, 839 So.2d 543, 545(¶ 7) (Miss.Ct. App.2002.) The voluntary and intelligent standard is considered met if the defendant is advised about the nature of the charge against him and the consequences of the entry of the plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992).
¶ 6. In meeting his burden of proof at his hearing for post-conviction relief Young offered a letter written to him by his attorney, Robert Byrd, written after his sentencing hearing. It refers to the recommended sentence Young was offered. However, Byrd makes it clear that he advised Young of the possibility that the judge would not follow the district attorney's recommendations. Byrd goes into great detail explaining the precautions both he and the judge took to inform Young of his rights before he entered the guilty plea. The only additional evidence Young offered at the hearing for postconviction relief was his own testimony regarding correspondence between Young and his attorney and between Young and the judge at the time of the sentencing, none of which rises to a sufficient level to prove the trial court was clearly erroneous.
¶ 7. Since the appellant provided neither the sentencing transcript nor sufficient evidence of the deceptive "firm promise" of his attorney for review on appeal there is insufficient evidence that the trial court's findings were clearly erroneous; therefore, *1028 the ruling denying appellant's motion for post-conviction relief must be affirmed.
II. WHETHER ELLIOT YOUNG'S VEHICLE WAS SEARCHED IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION?
¶ 8. Young was originally detained by the police for excessive noise from his radio. The policeman noticed a razor on Young's key chain and determined there was enough probable cause to search the contents of the car. Young argues there was not sufficient probable cause to search the vehicle and therefore the fruits of that search must be thrown out as State's evidence, leaving insufficient evidence to convict him of possession of cocaine. Conversely the State asserts that Young waived his objection to the admissibility of evidence by entering a guilty plea.
¶ 9. The court, in Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989), stated that the law is well settled that when properly entered and accepted, "a guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt." See also Johnson v. State, 753 So.2d 449 (Miss.Ct.App.1999). Applying the reasoning of the Jefferson court, it would not be inappropriate to find an objection to the admissibility of evidence waived when a defendant enters a plea of guilty to the overall crime.
¶ 10. Therefore, this Court will not determine whether or not the search of Young's car was proper since his objection was waived as result of his guilty plea.
¶ 11. THE JUDGMENT OF THE WALTHALL COUNTY CIRCUIT COURT DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO WALTHALL COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.