926 So.2d 229 (2005)
Richard Lee BROWN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00342-COA.
Court of Appeals of Mississippi.
September 27, 2005.
Rehearing Denied January 17, 2006.
Certiorari Denied April 13, 2006.
*230 Richard Lee Brown, Appellant, pro se.
Office of The Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. Richard Lee Brown assaulted a law enforcement officer during a traffic stop near Bolton on or about April 25, 2000. Officers discovered twenty-five kilograms of marijuana in Brown's possession. Brown and his counsel arranged a plea agreement for his two felony State charges, and the trial judge agreed to allow his sentence to run concurrent to certain federal sentences Brown claimed to have pending. However, at the time of his guilty plea, Brown did not have any federal sentences pending. The Circuit Court of Hinds County accepted Brown's guilty plea to the crimes of aggravated assault of a law enforcement officer and possession of marijuana in violation of Mississippi *231 Code Annotated Section 41-29-139 (Rev. 2001). Brown was sentenced to serve twelve years in the custody of the Mississippi Department of Corrections. Brown subsequently filed a petition for post-conviction relief within the period for statutorily authorized filings, and the trial court dismissed his petition. It is from this order that Brown now appeals, asserting the following issues: (1) his guilty plea was involuntary since the State violated the plea agreement; (2) his guilty plea was not voluntarily and intelligently entered; (3) he did not waive his right to a speedy trial by pleading guilty; and (4) his assistance of counsel was ineffective.
¶ 2. Finding no error, we affirm the judgment of the trial court.

STANDARD OF REVIEW
¶ 3. "When reviewing a lower court's decision to deny a petition for postconviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Austin v. State, 863 So.2d 59, 60(¶ 3) (Miss.Ct.App.2003).

DISCUSSION

I. WAS BROWN'S GUILTY PLEA RENDERED INVOLUNTARY DUE TO THE STATE'S ALLEGED VIOLATION OF THE PLEA AGREEMENT?
¶ 4. Brown contends that the State did not honor the plea agreement because his state and federal sentences were not running concurrently, as the plea agreement stated. Brown further contends that he would not have pled guilty if he had known that he would have subsequently been sentenced to the term in state prison he is now serving, and that as a result he would not have been taken into federal custody, where he would face a parole violation.
¶ 5. At the time of Brown's plea and sentencing on state charges, he did not have any existing federal sentences. The State contends that the trial court's statement that the state sentences were to run concurrent to the two possible federal sentences was surplusage and should be disregarded, since Brown had no existing federal sentences. We agree. "Language contained in a sentencing order which amounts to conditions which the trial court has no authority to impose would be treated as surplusage and would not affect the enforcement of the valid portion of the sentence." Cain v. State, 337 So.2d 935, 936 (Miss.1976). We find no merit to this issue.

II. WAS BROWN'S GUILTY PLEA VOLUNTARILY AND INTELLIGENTLY ENTERED?
¶ 6. Brown makes several claims regarding the evidence supporting the legality of the stop, search, and other circumstances of the assault, as well as the State's arrangement of the plea bargain. In Young v. State, 859 So.2d 1025, 1028(¶ 9) (Miss.Ct.App.2003), this Court held that, "when properly entered and accepted, `a guilty plea operates to waive . . . the right that the prosecution prove each element of the offense beyond a reasonable doubt.'" Continuing, this Court stated that, "it would not be inappropriate to find an objection to the admissibility of evidence waived when a defendant enters a plea of guilty to the overall crime." Id. Furthermore, if the defendant is advised regarding the nature of the charge and the consequences of the plea, then the plea is considered voluntary and intelligent. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992).
*232 ¶ 7. The record clearly indicates that the trial judge informed Brown of the consequences that would result from his guilty plea. The court asked, "You're telling the Court that it's your desire to waive your right to trial by jury in each count of the indictment?" to which Brown responded in the affirmative. The record also establishes that the judge asked Brown, "[a]re there any questions that you have at this time concerning the charges now pending against you which have not been answered for you either by your attorney or by the district attorney's office?" to which Brown responded, "No." "Solemn declarations in open court carry a strong presumption of veracity." Baker v. State, 358 So.2d 401, 403 (Miss.1978). Brown cannot now claim that he was unaware of the consequences of his plea. Similarly, any confusion on Brown's part as to the terms of the plea bargain should have been alleviated by the questions that the judge asked Brown, such as "[y]ou understand the court is not bound by plea bargaining which may have occurred between your attorney and the district attorney's office but might impose the minimum sentence. . . ?" to which Brown responded, "I understand." Therefore, any assertion of error by Brown regarding this issue is without merit.

III. DID BROWN WAIVE HIS RIGHT TO A SPEEDY TRIAL BY PLEADING GUILTY?
¶ 8. Brown argues that he did not waive his right to a speedy trial by pleading guilty. In Turner v. State, 864 So.2d 288, 290-91(¶ 9) (Miss.Ct.App.2003), this Court stated that Turner was told that he had a right to a "speedy public trial by jury," but by pleading guilty he waived that right. The trial judge then asked Turner if he wanted to waive that right, to which Turner responded in the affirmative. On appeal this Court held that, "regardless of the length of the delay between his indictment and sentencing, [Turner] entered a plea of guilty to the offense . . . [and] a valid guilty plea waives the right to a speedy trial. . . ." Id. In the case sub judice, the record plainly shows that in Brown's petition to plead guilty, he acknowledged that he was foregoing his right to a speedy trial; thus, we find this issue to be without merit.

IV. WAS BROWN'S ASSISTANCE OF COUNSEL EFFECTIVE?
¶ 9. In order for a defendant to prevail on a claim that his conviction should be reversed due to ineffective assistance of counsel, he must prove that his counsel's performance was deficient and that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "In order to overcome this presumption, the appellant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Phinisee v. State, 864 So.2d 988, 990(¶ 9) (Miss.Ct.App.2004).
¶ 10. The petition to plead guilty, the transcript of the plea, and the sentencing order are manifestly contrary to Brown's claim of ineffective assistance of counsel. Brown claims that his sentencing should have proceeded in a way that was more beneficial to him, but he includes no support for this broad assertion. "Even if a defendant shows that particular errors of counsel were unreasonable . . . the defendant must show that they actually had an adverse effect on the defense." U.S. v. Valenzuela-Bernal, 458 U.S. 858, 866-67, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *233 Id. Therefore, we find this issue to be without merit.
¶ 11. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.