573 So.2d 691 (1990)
STATE of Mississippi
v.
Bernard Douglas DANLEY.
Bernard Douglas DANLEY
v.
STATE of Mississippi.
Nos. 89-KA-0972, 07-58161.
Supreme Court of Mississippi.
December 12, 1990.
*692 Mike C. Moore, Atty. Gen., Jackson, and Gary S. Evans, Asst. Dist. Atty., Pascagoula, for the State.
William T. Bailey, Lucedale, for Bernard Douglas Danley.
Before ROY NOBLE LEE, C.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court:

I. INTRODUCTION
The primary issue addressed in this case is whether the Fifth Amendment's Double Jeopardy Clause bars re-prosecution of Bernard Douglas Danley for murder following this Court's reversal of his conviction on procedural grounds. This Court resolves the issue in the negative.

A.
This consolidated appeal[1] involves an interesting case history. See Danley v. State, 540 So.2d 619 (Miss. 1989) (hereinafter "Danley I") (providing a more detailed discussion of the facts). In 1985, the family of William Platt informed the George County Sheriff's Department that Platt failed to return home to Alabama from a trip to Lucedale, Mississippi, to meet with Bernard Douglas Danley. After an investigation, the sheriff's department failed to locate Platt; this notwithstanding, the department concluded that Platt probably met his fate through foul play.
In order to locate Platt's body and discover the identity of the culprit or culprits, the District Attorney (hereinafter "DA") struck a bargain with suspect Danley. Pursuant to the bargain, Danley would assist in locating the body and the culprit(s). As consideration for his cooperation, the DA would accept a guilty plea to the lesser offenses of (1) accessory after the fact of murder and (2) conspiracy to distribute a controlled substance (marijuana). The DA would additionally recommend a sentence of five years for the first offense and five to ten years for the second offense (both sentences to run concurrently). And finally, the DA would recommend to the trial judge that Danley be permitted to serve his sentences in a correctional work center near Lucedale or in a county jail near Lucedale.
In accordance with the terms of the bargain, Danley revealed the location of Platt's body and provided details of the crime. The DA, however, felt that Danley had not been completely truthful and, as a consequence, the DA unilaterally "terminated" the bargain and indicted Danley for Platt's murder.
In July 1986 in the George County Circuit Court, a jury found Danley guilty of murder for which he received a life sentence. Danley appealed and asked this Court: "Whether the DA had authority to void the plea bargain after unilaterally concluding that Danley allegedly had lied about details of the crime?" Upon considering the appeal en banc, this Court held: (1) that a DA may not unilaterally make such a fact-finding (i.e., that Danley breached the bargain by allegedly lying); (2) that only a trial court may, upon completion of an evidentiary hearing, determine whether the bargain had been breached; (3) that no evidentiary hearing had been held in Danley's case; and (4) that therefore the trial court is reversed on procedural grounds, the murder conviction set *693 aside, and the case remanded "for further disposition." "Further disposition" meant allowing Danley "to reenter a guilty plea, pursuant to the terms of the [bargain]" upon which he relied and which the DA "must" honor. See generally Danley I, 540 So.2d at 623.
On remand, the DA complied with this Court's mandate and charged Danley with conspiracy to distribute a controlled substance and being an accessory to murder after the fact. At a hearing in July 1989, Danley appeared with his attorney and surprisingly announced that he would not plead guilty to the lesser offenses. Restated, Danley simply refused to comply with the terms of the bargain.
At that point, the trial court declared:
[H]aving [once] been tried before a jury, convicted, and reversed by the Supreme Court, rehearing denied, this matter is finalized and you are discharged as a murderer. You [Danley] cannot be retried; double jeopardy applies to that situation.
Record Vol. II, at 6. In essence, the trial court would not permit the DA to retry Danley for Platt's murder, but would allow the DA to try him for accessory after the fact and distribution of a controlled substance. The DA then responded that the evidence is sufficient to try Danley for murder, but insufficient to try him for the lesser offenses. The trial court thus concluded: (1) that "there is no remedy for the people of the State of Mississippi," and (2) that Danley should be discharged "of any and all crimes." Id. at 11. Danley is now a "free man."
Both the DA and the State of Mississippi (hereinafter collectively referred to as "State") appealed the court's decision and presented the same issues for disposition.

B.
On appeal, the State presented three issues which are produced verbatim:
(1) Whether, given the present procedural posture of this case, the Court may and should recall and withdraw or amend its mandate and affirm the judgment of conviction of murder in Danley I?
(2) Whether the trial court was in error in ruling that this Court's opinion in Danley I discharged defendant from the judgment of conviction of murder and that retrial for murder was barred under the double jeopardy clause?
(3) Whether as an alternative to affirming, the Court should reinstate the judgment of conviction and sentence or should remand for retrial of the murder indictment?
The three issues will be addressed, without specific reference, in the following Section.

II. ANALYSIS

A.
The gist of the State's argument is that Danley's refusal to comply with the bargain and plead guilty should lead to a withdrawal of the Danley I opinion and an affirmation of the murder conviction (which this Court reversed in Danley I). The State "urges the Court to candidly acknowledge that the basis for its original reversal, that the record was void of any evidence of an evidentiary hearing on the question of whether Danley breached the [plea bargain], was factually and legally erroneous."
The State alternatively argues that Danley's refusal to plead guilty "constitutes a fraud on the Court and a material breach of the [plea bargain]" and that this Court should either affirm the murder conviction or remand the case for a retrial on the murder indictment. The State also requests clarification by this Court that its opinion in Danley I did not actually "discharge[] Danley of murder" to the extent that retrial would constitute double jeopardy. Appellee's Brief at 8-9.

B.
The State's suggestion that this Court should "candidly acknowledge" that it erred in Danley I is rejected. This Court instead will clarify its decision in Danley I.
Danley I simply reversed the murder conviction on procedural grounds *694 and "allowed" Danley to plead guilty to the lesser offenses pursuant to the bargain. This Court did not "reverse and render" the case and discharge Danley. Because Danley has now refused to plead guilty to the lesser offenses, he has also clearly breached the bargain.[2] Thus, the bargain "is terminated as if it never existed and the State of Mississippi retains all power of prosecution and can and will use any information provided by ... Danley for whatever purpose he [sic] deems appropriate."[3]See Danley I, 540 So.2d at 621 (quoting the terms of the bargain).
The DA now has the prerogative to prosecute Danley for Platt's murder under the original indictment. The trial court's opinion that the Fifth Amendment's Double Jeopardy Clause bars re-prosecution of Danley is of no legal consequence; that is, under the facts of this case, re-prosecution would not constitute double jeopardy.
Pursuant to the Double Jeopardy Clause, no person may be tried for "the same offense" and "be twice put in jeopardy of life and limb." See Sanders v. State, 429 So.2d 245, 247 (Miss. 1983) (noting that the clause is enforceable against states through the Fourteenth Amendment). Exceptions to the clause's general prohibition do exist. For example, "[r]etrial is ... permitted ... in most cases where the conviction is reversed on appeal." 2 P. ROBINSON, CRIMINAL LAW DEFENSES § 210(i), at 533 (1984).
In the seminal double jeopardy case, United States v. Ball, the Supreme Court recognized that the Double Jeopardy Clause does not preclude reprosecution where the convicted defendant has managed on appeal to have his conviction reversed on grounds other than evidentiary insufficiency. 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). The Ball rule remains a "well-established part of our constitutional jurisprudence." United States v. Tateo, 377 U.S. 463, 466, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448, 450 (1964). See 3 W. LAFAVE & J. ISRAEL, CRIMINAL PROCEDURE § 24.4 (1984 & 1990 Supp.) (discussing the various doctrinal bases for the rule); Tapp v. State, 373 So.2d 1029, 1031 (Miss. 1979) (holding that the Double Deopardy Clause was inapplicable because "reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case.") (quoting Burks v. United States, 437 U.S. 1, 16, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1, 12 (1978)).
Notably, the United States Supreme Court recently decided a double jeopardy case which could be deemed dispositive of the case sub judice. See Ricketts v. Adamson, 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987). Ricketts involved the 1976 assassination of a reporter for the Arizona Republic newspaper. A police investigation led to the arrest of John Harvey Adamson. Shortly after his trial for first-degree murder commenced, Adamson and the prosecutor struck a bargain. Pursuant to the bargain, Adamson would be allowed to plead guilty to a lesser offense in exchange for his "truthful" testimony against his accomplices. The bargain also provided that "[s]hould [Adamson] refuse to testify or should he at any time testify untruthfully ... then this entire [bargain] *695 is null and void and the original charge will be automatically reinstated." The trial court accepted the plea bargain, and Adamson pled guilty to the lesser offenses. Adamson then refused to testify against his accomplices and, as a consequence of the breach, the prosecutor reinstated the first-degree murder charge. Adamson appealed the reinstatement to the U.S. Supreme Court. The Supreme Court rejected Adamson's complaint and concluded that the Double Jeopardy Clause does not protect a defendant who seeks to benefit from the consequences of a voluntary breach of a plea bargain. 483 U.S. at 10-12, 107 S.Ct. at 2686, 97 L.Ed.2d at 12-13 (The defendant's "breach of the agreement would restore the parties to their original positions and he could be prosecuted for first-degree murder ... and the Double Jeopardy Clause does not relieve him from the consequences of that choice.") (citing United States v. Scott, 437 U.S. 82, 98-99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65, 79 (1978)).

C.
In sum, this Court concludes: (1) that Danley's refusal to plead guilty to the two lesser offenses constituted a breach of the plea bargain; (2) that the breach means the bargain "is terminated as if it never existed and the State of Mississippi retains all power of prosecution and can and [may] use any information provided by ... Danley for whatever purpose he [sic] deems appropriate"; (3) that Danley may be re-prosecuted under the original indictment for Platt's murder; (4) that the trial court erred when it concluded that re-prosecution would be violative of the Double Jeopardy Clause; (5) that the trial court erred when it discharged Danley of "any and all crimes." Danley's blatant attempt to benefit from a manipulation of the system is hereby stymied.

III. CONCLUSION
In Danley I, this Court reversed Danley's murder conviction on procedural grounds; this reversal did not constitute a rendering of the case nor a discharge of Danley. In view of the facts, re-prosecution of Danley for murder would not be violative of the Double Jeopardy Clause. More specifically, the grounds upon which this Court reversed the murder conviction in Danley I and the subsequent voluntary breach of the plea bargain by Danley mean that the DA retains the power of re-prosecution under the original indictment. Accordingly, this Court holds that the trial court erred when it discharged Danley of "any and all crimes"; its decision is therefore reversed.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.
PITTMAN, J., not participating.
NOTES
[1] Appeal No. 07-58161 is a "Petition for Instructions" filed by the district attorney in response to a George County Circuit Court order. No. 89-KA-0972 is a direct appeal filed by the Attorney General's Office in response to the same circuit court order. Both appeals involve identical issues and, for brevity's sake, have been consolidated.
[2] Assuming, arguendo, that Danley on remand pled guilty as "allowed" by this Court, then the DA would then have had the option to request an evidentiary hearing on the question of whether Danley breached the bargain by lying. If the trial court, upon completion of an evidentiary hearing, determined that Danley had breached the bargain, then the bargain would have "terminated as if it never existed and the State of Mississippi [would have] retain[ed] all power of prosecution and [could] use any information provided by ... Danley for whatever purpose he [sic] deem[ed] appropriate." See Danley, 540 So.2d at 621 (quoting the terms of the bargain).
[3] The United States Supreme Court has never definitively decided whether a defendant (like Danley) may be made to plead guilty pursuant to a plea bargain. See generally 2 W. LAFAVE J. ISRAEL, CRIMINAL PROCEDURE § 20.2 (1984 & 1990 Supp.). Some cases support the proposition that a defendant has a right to breach a bargain by rescinding his guilty plea; however, in these instances, the prosecutor did not object to the defendant's decision. See Westin & Westin, A Constitutional Law of Remedies for Broken Plea Bargains, 66 CALIF.L.REV. 471, 477-500 (1978).