840 So.2d 826 (2003)
Eddie CAPNORD, Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-CP-01992-COA.
Court of Appeals of Mississippi.
March 25, 2003.
*827 Eddie Capnord, appellant pro se.
Office of the Attorney General by Jean Smith Vaughan, for appellee.
Before McMILLIN, C.J., BRIDGES and GRIFFIS, JJ.
McMILLIN, C.J., FOR THE COURT:
¶ 1. Eddie Capnord, indicted for murder, entered a plea of guilty to the lesser offense of manslaughter as a part of a plea agreement reached between Capnord and the prosecuting attorney's office. Capnord was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections. Approximately one year after his plea was accepted and the resulting judgment of sentence was entered, Capnord filed a motion for post-conviction relief. In that motion, Capnord alleged that a defect in the indictment deprived the Leflore County Circuit Court of jurisdiction to sentence him. He also claimed that he received ineffective assistance of counsel in the period leading up to his decision to enter a guilty plea. The trial court dismissed Capnord's motion without hearing and he has appealed that decision to this Court. We affirm.
¶ 2. The language of the indictment that relates to Capnord's complaint reads as follows:
That EDDIE CAPNORD, on or about the 6th day of February, 2000, in Leflore County, Mississippi, did unlawfully, wilfully, feloniously, and of his malice aforethought, kill and murder Cassandra "Renee" White, a human being.
¶ 3. Capnord's assertion in his motion was that the indictment was fatally defective because it failed to inform him as to which of three statutory definitions of murder the State intended to charge. He points out that Section 97-3-19 of the Mississippi Code defines the crime of murder as encompassing three different homicides; namely, (a) a killing done with deliberate design to effect death, (b) a killing resulting from an eminently dangerous act evincing a depraved heart, and (c) a killing perpetrated in the commission of certain enumerated felonies. Miss.Code Ann. § 97-3-19 (Rev.2000). He contends that the failure of the indictment to more specifically inform him of the nature of the State's theory of the case renders the indictment fatally insufficient to support a charge of murder.
¶ 4. Capnord's argument in this regard is without merit. Section 99-7-37 declares that "it shall be sufficient to charge in an indictment for murder, that the defendant did feloniously, wilfully, and of his malice aforethought, kill and murder the deceased." Miss.Code Ann. § 99-7-37 (Rev. 2000). The Mississippi Supreme Court has specifically upheld the validity of a murder indictment containing nothing more than the statutory charging language. Talbert v. State, 172 Miss. 243, 159 So. 549, 551 (1935).
*828 ¶ 5. Capnord attempts, in his brief, to mount a second attack on the indictment. That second attack is based on the assertion that Leflore County is composed of two separate judicial districts and the indictment fails to specify in which district the crime was committed. There is no necessity to undertake an analysis of Capnord's legal argument in support of this claim. This is a new issue not presented to the trial court for resolution and, thus, may not be raised for the first time on appeal. Denson v. State, 746 So.2d 927 (¶ 17) (Miss.Ct.App.1999). More to the point, there is simply no factual basis for such a claim. Leflore County is not, as are some of the counties of this State, composed of two separate judicial districts for the holding of circuit and chancery court.
¶ 6. Capnord's assertion before this Court that he received ineffective assistance of counsel consists of two separate propositions. First, he alleges that defense counsel was ineffective for his failure to demur or otherwise interpose an appropriate objection to the fatally-flawed indictment. As we have already determined, the indictment was not flawed in the manner asserted by Capnord. Therefore, simple logic demonstrates that the failure to protest the form of the indictment when no protest was warranted does not establish defective performance by defense counsel.
¶ 7. Additionally, Capnord asserts for the first time in his brief to this Court that his attorney secretly told him in advance of the plea hearing that, if he would plead guilty, he (defense counsel) could assure him that he would only be sentenced to ten years. According to Capnord's allegation, his attorney instructed him to lie when the circuit court inquired if he had been promised anything in exchange for his plea. This Court sits to review alleged errors committed at the trial level and not to adjudicate the merits of claims not previously presented to the trial court for resolution. Id. Whether Capnord, having properly raised the issue in his motion to the Leflore County Circuit Court, could have persuaded that court to pursue the matter to an evidentiary hearing will never be known. The claim, attempted to be asserted for the first time on appeal before this Court, is procedurally barred. Id.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.