KING, C.J.,
 

 for the Court:
 

 ¶ 1. On August 31, 2007, Gary Lee filed a petition with the Circuit Court of Sunflower County against Superintendent Lawrence Kelly, arguing that the Mississippi Department of Corrections (MDOC) improperly computed his discharge date and that he should be released from prison. The trial court dismissed Lee’s petition. Thereafter, Lee filed a motion to reconsider, which the trial court denied. Aggrieved, Lee timely filed his notice of appeal, raising three issues for this Court’s consideration:
 

 I. Whether the trial court abused its discretion by dismissing Lee’s claim;
 

 II. Whether Lee’s sentences were to run concurrently; and
 

 III. Whether the State unlawfully amended Lee’s 1982 indictment.
 

 Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On February 16, 1982, Lee pleaded guilty in the Circuit Court of Sunflower County to accessory after the fact of armed robbery and was sentenced to five years in the custody of the MDOC. Lee was given credit for the fifty-seven days that he was confined in the county jail.
 

 ¶ 3. Armed with a knife, Lee attempted to escape from the Bolivar County Jail on March 29, 1982. From this incident, Lee was charged as a habitual offender with the aggravated assault of a law enforcement officer. On December 6, 1982, Lee was convicted of the crime in the Circuit Court of Bolivar County and sentenced to a mandatory, thirty-year sentence in the custody of the MDOC and ordered to pay a $5,000 fine.
 

 ¶ 4. In a letter dated July 19, 2007, Lee initiated a grievance with the MDOC’s Administrative Remedy Program (ARP), arguing that the MDOC improperly denied him earned-time credit on his mandatory sentence for the aggravated assault of a law enforcement officer. On August 1, 2007, the ARP informed Lee that he had several complaints pending and stated, “[ujnless this office hears from you other
 
 *1205
 
 wise, stating that you wish to withdraw your previous complaints, your ARPs will continue as are, and your most recent complaint will be placed on backlog.” Lee responded and affirmed that he wanted all of his previous ARP complaints dismissed so that his current complaint could be addressed immediately.
 

 ¶ 5. On August 31, 2007, Lee filed a petition in the Circuit Court of Sunflower County. Lee stated that he had filed a grievance through the ARP. However, Lee claimed that the MDOC had refused to process his claim. In the petition, Lee argued that: his five-year sentence and his thirty-year sentence were to run concurrently; he was entitled to a two-and-a-half-year credit on his sentences; and he was eligible for release. The MDOC filed a motion to dismiss Lee’s petition, arguing that Lee had failed to fulfill the requirements of the ARP and had failed to fulfill the requirements of the Mississippi Uniform Post-Conviction Collateral Relief Act. In the alternative, the MDOC responded to Lee’s petition and conceded that Lee’s sentences were to be served concurrently. However, the MDOC argued that Lee was not entitled to any earned-time credit on his mandatory, thirty-year sentence.
 

 ¶ 6. The trial court found that Lee’s thirty-year sentence was to be served in its entirety, without reduction, and dismissed Lee’s claim. Thereafter, Lee filed a motion to reconsider, and the trial court denied the motion. Aggrieved, Lee timely filed his notice of appeal.
 

 ANALYSIS
 

 I. Jurisdiction
 

 ¶ 7. Neither of the parties has raised an issue regarding whether Lee’s petition was properly before the trial court. However, this Court must note the jurisdictional issue in Lee’s case.
 

 ¶ 8. The record shows that Lee initiated a grievance through the ARP. The administrative-review procedures provide that:
 

 Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency’s final decision, seek judicial review of the decision.
 

 Miss.Code Ann. § 47-5-807 (Rev.2004). Section 47-5-807 clearly states that the offender may appeal
 
 the final decision
 
 rendered by the ARP. In the event that the offender has not completed the ARP process, the law provides that:
 

 No state court shall entertain an offender’s grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure. If at the time the petition is filed the administrative review process has not yet been completed, the court shall stay the proceedings for a period not to exceed ninety (90) days to allow for completion of the procedure and exhaustion of the remedies thereunder.
 

 Miss.Code Ann. § 47-5-803(2) (Rev.2004).
 

 ¶ 9. The State failed to raise this issue on appeal. However, there is clearly no evidence in the record showing that Lee exhausted his administrative remedies through the ARP. In accordance with section 47-5-803(2), the trial court should have stayed the proceedings for ninety days to allow time for Lee to exhaust his administrative remedies.
 
 See, e.g., Guy v. State,
 
 915 So.2d 508, 510 (¶ 8) (Miss.Ct.App.2005).
 

 ¶ 10. Despite this, a reversal of this case would be futile. The Court is eonfi-
 
 *1206
 
 dent that the trial court record is thorough, and the MDOC clearly provided the trial court with sufficient information to determine whether Lee’s sentence had been properly computed. Thus, for the sake of judicial efficiency, we will address the merits of Lee’s claim.
 

 II. Earned-Time Credit
 

 ¶ 11. Lee argues that he is entitled to earned-time credit; therefore, he contends that the trial court abused its discretion by dismissing his petition and by denying his motion for reconsideration. In support of this claim, Lee relies on the Sunflower County Circuit Court case of
 
 Hicks v. Houston,
 
 No. 94-0234M (January 25, 1995).
 
 Hicks
 
 addressed the application of Mississippi Code Annotated section 47-5 — 139(l)(e) (Supp.1992) in
 
 Williams v. Puckett,
 
 624 So.2d 496, 499-500 (Miss.1993). Section 47-5-139(l)(e), which was adopted in 1992, provides that an inmate is not eligible for earned-time credit if “[t]he inmate has not served the mandatory time required for parole eligibility for a conviction of robbery or attempted robbery with a deadly weapon.” Miss.Code Ann. § 47-5 — 139(l)(e) (Rev.2004);
 
 see also Williams,
 
 624 So.2d at 500.
 

 ¶ 12. In
 
 Hicks,
 
 the trial court found that “prior to
 
 Williams,
 
 the MDOC allowed an inmate to receive earned-time credit on the entire term of his sentence [for armed robbery], without any regard to mandatory time.”
 
 See Adams v. Gibbs,
 
 988 So.2d 395, 397 n. 1 (Miss.Ct.App.2008). Because the defendant in
 
 Hicks
 
 was convicted and sentenced for armed robbery prior to the 1992 amendment to section 47-5-139(l)(e), the trial judge found that Hicks was allowed earned-time credit during the mandatory part of his sentence for armed robbery,
 
 which was to be applied to the non-mandatory paH of his sentence. Id.
 

 ¶ 13.
 
 Hicks
 
 is clearly not applicable to Lee’s case. In the present case, Lee was sentenced to five years for accessory after the fact of armed robbery in February 1982, and that sentence has since expired. In December 1982, Lee was convicted for the aggravated assault of a law enforcement officer. Lee was then sentenced under the habitual-criminal statute, which at the time of his conviction and sentence stated that:
 

 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere,
 
 shall be sentenced to the maximum tenn of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
 

 Miss.Code Ann. § 99-19-81 (Rev.2000) (emphasis added).
 
 [1]
 
 Earned time is in essence a reduction in sentence. Section 99-19-81 clearly states that a habitual offender’s sentence “shall not be reduced.”
 
 [2]
 

 Id.
 
 Thus, Lee was required to serve the maximum term of imprisonment for his crime. The maximum sentence prescribed for the aggravated assault of a law enforcement
 
 *1207
 
 officer is thirty years’ imprisonment, which is the sentence that Lee received.
 
 See
 
 Miss.Code Ann. § 97-3-7(2) (Supp.2009).
 

 ¶ 14. In the proceedings below, the MDOC provided the trial court with a copy of Lee’s time sheet. Lee’s date of incarceration was listed as March 29, 1982, which is the day that he attempted to escape from prison. According to Lee’s time sheet, his tentative release date is March 21, 2012, approximately thirty years after his incarceration. Based on the foregoing, we find that the trial court did not err by finding that Lee was not entitled to any earned-time credit and that Lee’s time had been properly computed. Lee’s argument is wholly without merit.
 

 III. Concurrent Sentences
 

 ¶ 15. Lee argues that his five-year sentence as an accessory after the fact of armed robbery and his thirty-year sentence for the aggravated assault of a law enforcement officer were to run concurrently. The State does not raise an objection to this argument on appeal, and the MDOC conceded this point below. As previously mentioned, Lee’s time sheet reflects that his time was computed accordingly. This argument is without merit.
 

 IY. Indictment
 

 ¶ 16. For the first time on appeal, Lee argues that the State unlawfully amended his 1982 indictment for the aggravated assault of a law enforcement officer. Not only is this issue time-barred, but additionally, this issue is procedurally barred from the Court’s review because Lee did not present this issue to the trial court.
 
 See Capnord v. State,
 
 840 So.2d 826, 828 (¶ 5) (Miss.Ct.App.2003).
 

 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Section 99-19-81 has been in effect since January 1, 1977.
 

 [2]
 

 . Section 47-5-139 was amended in 1992 in accord with the MDOC’s practice regarding earned time. Specifically, section 47-5-139(l)(b) states that "[a]n inmate shall not be eligible for the earned-time allowance if ... [t]he inmate was convicted as a habitual offender. ...” Miss Code Ann. § 47 — 5—139(1)(6) (Rev.2004).