PIERCE, Justice,
 

 for the Court:
 

 ¶ 1. Gary Lee pleaded guilty to accessory after the fact to armed robbery in 1982. In 2010, Lee filed a petition for habeas corpus (post-conviction relief under Mississippi law) with the Sunflower County Circuit Court. The Honorable Richard A. Smith denied Lee’s petition, finding it barred by the three-year statute of limitations in Mississippi Code Section 99-39-5(2) (Supp. 2011). Because Lee’s petition falls outside the three-year statute of limitations and because the trial court may dismiss a petition when it plainly appears from the face of the motion that the mov-ant is not entitled to any relief, we affirm.
 

 
 *331
 
 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In 1982, Gary Lee pleaded guilty to accessory after the fact to armed robbery in Sunflower County Circuit Court, and was sentenced to five years in the custody of the Mississippi Department of Corrections (MDOC). Shortly thereafter, Lee was indicted by a Bolivar County grand jury for aggravated assault on a law-enforcement officer. Lee was convicted of that offense and sentenced as an habitual offender under Mississippi Code Section 99-19-83 to thirty years in the custody of the MDOC.
 

 ¶ 3. On December 6, 2010, Lee filed a petition for habeas corpus with the Sunflower County Circuit Court. The Honorable Richard A. Smith denied Lee’s petition. Judge Smith noted that Lee’s petition was barred by the statute of limitations found in Mississippi Code Section 99-39-5(2) (Supp. 2011), which provides, in pertinent part:
 

 A motion for relief under this article shall be made within three (3) years after the time in which the prisoner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.
 

 ¶ 4. Lee appeals the circuit court’s ruling, and claims that he is “actually innocent” of the 1982 charge of accessory after the fact, armed robbery.
 

 DISCUSSION
 

 ¶ 5. “A trial court’s dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. However, when issues of law are raised, the proper standard of review is
 
 de
 
 novo.”
 
 [1]
 

 ¶ 6. Lee pleaded guilty to the crime of accessory after the fact, armed robbery, in February 1982, before the enactment of the Mississippi Uniform Post-Conviction Collateral Relief Act on April 17, 1984. This Court has stated that “individuals convicted prior to April 17, 1984, have three (3) years from April 17, 1984, to file their petition for post conviction relief.”
 
 [2]
 
 Accordingly, Lee’s claim for post-conviction relief should have been filed no later than April 17, 1987, absent any statutory exceptions.
 

 ¶ 7. The statute provides exceptions to the three-year limitation, which would require that Lee show one of the following: (1) there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence; (2) that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; (3) that the sentence has expired or his probation, parole or conditional release has been unlawfully revoked; (4) there exists biological evidence not tested, or if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such
 
 *332
 
 testing at the time of the original prosecution.
 
 [3]
 

 ¶ 8. Lee argues that Judge Smith erred in dismissing his petition and that he is “actually innocent of being an accessory after the fact to armed robbery.” Lee provides only his affidavit to support his arguments, in which he claims that the district attorney, judge, and court-appointed attorney conspired to have him incarcerated. Further, Lee claims that he told his court-appointed attorney that he was innocent and that he was not going to plead guilty. But attached to Lee’s reply brief as “Exhibit B” is a page that appears to be a transcript from the 1982 trial-court proceedings, in which Lee admitted guilt and stated that he had entered a guilty plea freely and voluntarily. Thus, nothing in the record supports consideration of Lee’s petition outside the three-year statute of limitation. And because the trial court may dismiss the petition when “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief,”
 
 [4]
 
 we affirm.
 

 CONCLUSION
 

 ¶ 9. Because Lee filed his petition outside the three-year statute of limitations, his claim for post-conviction relief is procedurally barred, and the trial court’s dismissal of Lee’s petition is affirmed.
 

 ¶10. AFFIRMED.
 

 WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND KING, JJ., CONCUR.
 

 [1]
 

 .
 
 Jackson v. State,
 
 67 So.3d 725, 730 (Miss.2011) (citing
 
 Brown v. State,
 
 731 So.2d 595, 598 (Miss.1999)).
 

 [2]
 

 .
 
 Odom v. State,
 
 483 So.2d 343, 344 (Miss.1986).
 

 [3]
 

 . Miss.Code Ann. § 99-39-5(2) (Supp. 2011).
 

 [4]
 

 . Miss.Code Ann. § 99-39-11(2) (Supp. 2011).