GRIFFIS, P.J.,
for the Court:
¶ 1. Gary Lee appeals the dismissal of his motion to show cause, supplemental report, petition to amend, and motion to *483 supplement complaint. In 1982, in Mississippi, Lee was convicted of aggravated assault on a law-enforcement officer under Mississippi Code Annotated section 97-3-7(2)(b) (Supp.1984). The Mississippi Department of Corrections (MDOC) released Lee on February 9, 2012, into the custody of the State of Florida. Lee currently resides in a Florida prison. On appeal, Lee argues that “in a realistic sense, [he] was in custody in [two] counties at the same time,” and he should have been credited for time served in both counties. This Court finds that this appeal should be dismissed as moot because Lee has completed his sentence and is no longer in custody.
FACTS
¶ 2. In 1975, Lee was sentenced in Florida to serve a ten-year term and a five-year term. In 1977, Lee escaped and was re-incarcerated in 1978. He received a one-year sentence for his escape. On August 4, 1981, Florida released Lee on parole.
¶ 3. Lee was arrested in Mississippi and was placed in the Sunflower County Jail on December 22, 1981. Bolivar County issued a detainer for Lee while he was in the Sunflower County Jail. This is important to Lee’s argument since he argues he should receive additional credit for time served because he was in custody in two locations at the same time.[1]
¶4. On February 16, 1982, Lee pled guilty to accessory after the fact to armed robbery in Sunflower County Circuit Court. Lee was sentenced to serve five years in the custody of the MDOC. That same day, Sunflower County transferred Lee to the Bolivar County Jail.
¶ 5. On March 29, 1982, Lee attempted an escape from the Bolivar County Jail. He assaulted two law-enforcement officers, Officer Charles Griffin and Officer Eugene Hall. On October 20, 1982, a Bolivar County grand jury indicted Lee for aggravated assault on a law-enforcement officer.
¶ 6. On December 7, 1982, Lee was sentenced to serve thirty years, mandatory day-for-day, as a habitual offender based on his conviction for aggravated assault on a law-enforcement officer, Officer Hall. In the computation of his sentence, Lee was given 294 days of credit for time served.
¶ 7. On November 23, 1983, Lee was convicted and sentenced to life imprisonment without parole for the assault on Officer Griffin. However, on that conviction, our supreme court reversed and remanded for a new trial based on the circuit court’s refusal to instruct the jury on the lesser-included offense of simple assault. Lee v. State, 469 So.2d 1225, 1232 (Miss.1985).
¶ 8. While Lee was still imprisoned in Mississippi in 2008, the Florida Parole Commission responded to Lee’s request to remove a detainer. The Florida Parole Commission stated that there was no de-tainer placed on Lee in Florida. This led Lee to believe that once the MDOC released him he would remain free. However, MDOC correspondence to Lee in September 2011 indicated that the Florida Parole Commission had logged a detainer and requested notification of Lee’s release date due to a parole violation.
¶ 9. In 2011, Lee pursued a claim in the Administrative Remedy Program of the MDOC. He claimed that he was entitled to consideration for the pre-release program. The MDOC denied his application because *484 he had received a Rule Violation Report in the six months prior to his application for the pre-release program.
¶ 10. On September 20, 2011, Lee filed his motion to show cause in Rankin County Circuit Court.[2] He alleged that in August he had received a First Step Response Form and the MDOC had until October to submit the Second Step Response Form, but even so he had been disadvantaged by the MDOC’s delay. The circuit court stayed the proceedings in October to allow for completion of the administrative-review process.
¶ 11. On October 12, 2011, Lee filed a petition to amend. The petition concerned his eligibility for the pre-release program. On October 12, 2011, Lee also filed a supplemental report that alleged he was entitled to an additional fifty-seven days of credit because he was in the custody of Sunflower County and Bolivar County at the same time. On November 22, 2011, Lee filed a motion to supplement his complaint and attached several letters as exhibits about time-served credit.
¶ 12. On December 7, 2011, the circuit court dismissed his motions based on the finding that the MDOC’s “decision was supported by substantial evidence, was not arbitrary or capricious, was within its scope and powers and did not violate the constitutional rights of [the] petitioner.” Lee timely filed his notice of appeal. More importantly, the MDOC released Lee on February 9, 2012, and Florida then incarcerated Lee for the third time there.
ANALYSIS
¶ 13. Lee’s argument about credit for time served has become moot due to his release. In Campbell v. State, 975 So.2d 907, 907 (¶ 1) (Miss.Ct.App.2008), Campbell appealed the denial of a motion for correct calculation of credit for time served before his sentence. The scenario was similar to the instant case because Campbell argued that the MDOC had wrongly denied him credit for time served. We found that the issue was moot because Campbell had already completed his sentence. Id.
¶ 14. We find that the issues raised on appeal and in Lee’s motions and petitions are now moot. Under Mississippi Code Annotated section 99-39-5 (Supp. 2012), Lee is not entitled to post-conviction review because he was released from the MDOC’s custody. Additionally, it is well-entrenched law in Mississippi that “[c]ases in which an actual controversy existed at trial but the controversy has expired at the time of review[ ] become moot.” Wilson v. Mallett, 50 So.3d 366, 368 (¶6) (Miss.Ct.App.2006) (quoting J.E.W. v. T.G.S., 935 So.2d 954, 959 (¶ 14) (Miss.2006)). This Court has “no power to issue advisory opinions.” Id.
¶ 15. Lee was convicted, sentenced, and released. Lee is no longer in the custody of the MDOC. Therefore, there is no longer any controversy in regard to additional credit for time served toward his sentence or eligibility for a pre-release program. We dismiss this appeal.
¶ 16. THIS APPEAL FROM THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS DISMISSED AS MOOT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
*485 LEE, C.J., BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ„ CONCUR. IRVING, P.J., AND MAXWELL, J., CONCUR IN PART AND IN THE RESULT. JAMES, J. NOT PARTICIPATING.

. Also, in Florida, Lee has argued that he should receive credit for the entire thirty years served in Mississippi because Florida had a detainer against him while he was in Mississippi.

. Lee has filed other actions previously, even one that addressed this same argument for entitlement to credit for time served. See Lee v. State, 78 So.3d 330 (Miss.2012); Lee v. State, 469 So.2d 1225 (Miss.1985); Lee v. Kelly, 34 So.3d 1203 (Miss.Ct.App.2010).