IRVING, P.J.,
for the Court:
¶ 1. Roderic C. Catchings filed a motion for post-conviction relief (PCR) with the Rankin County Circuit Court, which summarily dismissed the motion. Feeling ag-' grieved, Catchings appeals and argues that the circuit court should have resentenced him instead of sending him to trial after setting aside his pleas. He also argues that the circuit court enhanced his sentence out of judicial vindictiveness. Finding no error, we affirm.
FACTS
¶ 2. On November 28, 2005, Catchings pleaded guilty to three counts of armed robbery and one count of aggravated as *1240 sault. Pursuant to his plea agreement, the circuit court sentenced him to twenty years on the aggravated-assault charge and thirty-five years for each armed-robbery charge, with ten years suspended. All of the sentences were to run concurrently.
¶ 3. In his first PCR motion, Catchings argued that his guilty pleas were involuntary because he had not been informed that his sentences on the armed-robbery charges must be served day for day. The circuit court appointed counsel for Catchings and held a hearing on March 17, 2008, in which the court ultimately found that Catchings’s guilty pleas were involuntary. The court offered Catchings two choices: he could be resentenced or he could withdraw his guilty pleas entirely and face trial. Catchings chose to be resentenced. The circuit court sentenced Catchings to thirty-five years on each of the armed-robbery charges, with eighteen years to serve, day for day, and seventeen years suspended. The court stated that the sentence was its estimate of the actual time Catchings would have served if his understanding of the previous sentence had been accurate. Catchings received the same twenty-year sentence for aggravated assault.
¶ 4. On November 25, 2008, Catchings filed a second PCR motion, alleging that he was misinformed regarding the effect of the sentences offered by the circuit court. The circuit court dismissed the second motion as a successive writ. Catchings appealed that judgment to this Court. In reversing the circuit court’s decision to dismiss, we stated that Catchings’s motion was not barred as a successive writ and that the circuit court should have required Catchings to enter entirely new pleas or go to trial instead of just resentencing him. We remanded the case for the circuit court to consider the motion on the merits. Catchings v. State, 35 So.3d 552, 555 (¶ 11) (Miss.Ct.App.2010).
¶ 5. On remand, the circuit court granted Catchings’s PCR motion, set aside the pleas, and placed the case back on the docket for trial. On June 8, 2011, Catchings, represented by counsel, entered open pleas of guilty to all charges. At the sentencing hearing, the circuit court sentenced Catchings to thirty-five years for each of the three armed-robbery convictions and twenty years for the aggravated-assault conviction, all of which were to be served concurrently. Catchings filed a third PCR motion in the circuit court, which the circuit court dismissed.
¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 7. Appellate courts will not disturb a circuit court’s dismissal of a PCR motion unless the court’s factual findings are clearly erroneous. Lee v. State, 78 So.3d 330, 331 (¶ 5) (Miss.2012). However, questions of law are reviewed de novo. Id.

I. The Circuit Court’s Remedy on Remand

¶ 8. Catchings argues that on remand, the circuit court should have resentenced him instead of setting his pleas aside and sending him to trial. Specifically, Catchings claims that the court’s decision to bring him to trial constituted a breach of the plea agreement on the State’s behalf, an abuse of discretion, and double jeopardy.

a. Breach of Plea Agreement and Abuse of Discretion

¶ 9. “[A] trial court is not bound to accept a defendant’s guilty plea or enforce a plea agreement reached between *1241 the prosecutor and the defendant.” Wade v. State, 802 So.2d 1023, 1028 (¶ 20) (Miss. 2001). A plea agreement is merely a recommendation made by the prosecution, and the court may use its discretion in adopting the agreement. Here, Catchings argues that the circuit court should have considered the first plea agreement that he made with the State in determining his sentences rather than considering his open guilty pleas which were entered on remand.
¶ 10. Not only was the circuit court not bound by Catchings’s initial plea agreement, it completely set aside the second set of sentences that Catchings received. If a defendant’s guilty pleas are found to be involuntary, then the court must not only set aside the sentences, but must vacate the guilty pleas as well. Courtney v. State, 704 So.2d 1352, 1358 (¶20) (Miss.Ct.App.1997). This is true even if the defendant only sought to vacate his sentences and did not specifically seek to vacate his guilty pleas. Id. “Both parties are placed back in the positions which they occupied prior to entering into the [plea] agreement.” Stevenson v. State, 674 So.2d 501, 505 (Miss.1996) (quoting Lanier v. State, 635 So.2d 813, 817 (Miss.1994) (overruled on other grounds by Twillie v. State, 892 So.2d 187, 190 (¶11) (Miss.2004))). As a result, the circuit court cannot simply resentence a defendant using his original plea agreement when a guilty plea is found to be involuntary. The defendant can choose either to enter a new guilty plea or go forward with trial.
¶ 11. Catchings contends that the circuit court should have resentenced him as it did after he filed his first PCR motion without requiring him to enter new pleas. However, in our opinion reversing and remanding the dismissal of Catchings’s second PCR motion, we pointed out that the circuit court erred by resentencing Catchings in the absence of new guilty pleas. Catchings, 35 So.3d at 555. We added that the circuit court should have set aside both the guilty pleas and the sentences when it found that Catchings’s guilty pleas were involuntary. Id.
¶ 12. On remand, the court set aside the sentences and pleas and placed Catchings’s case on the trial docket. As stated, he entered open pleas and, according to the transcript of the sentencing hearing, understood that the court was not bound by any plea agreement that was previously made, which meant that the court could impose the maximum sentence for each count. The circuit court did not abuse its discretion by disregarding the original plea agreement and putting the case on the trial docket. This issue is without merit.

b. Double Jeopardy

¶ 13. Catchings argues that because he did not voluntarily breach his first plea agreement, he is entitled to double-jeopardy protection. “Double jeopardy consists of three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense.” Powell v. State, 806 So.2d 1069, 1074 (¶ 8) (Miss.2001). Although it is unclear to us which protection Catchings claims the circuit court violated, we, nevertheless, find that his claim is without merit.
¶ 14. Catchings relies on the Mississippi Supreme Court’s holding in State v. Danley, 573 So.2d 691 (Miss.1990), to assert that the circuit court violated the Double Jeopardy Clause by sending him to trial. In Danley, the supreme court reversed the defendant’s murder conviction on procedural grounds, and the defendant voluntarily breached his plea agreement by refusing to plead guilty to two lesser *1242 offenses. Id. at 694. The court in Danley stated that, as a result of the breach, the State could prosecute the defendant under the original indictment and that reprosecution would not constitute double jeopardy. Id. Also, the court noted that reversing the defendant’s murder conviction did not equal an acquittal as required for double-jeopardy protection. Id. at 695.
¶ 15. Catchings’s reliance on Danley is clearly misplaced. In Danley, the court stated that the “Double Jeopardy Clause does not preclude reprosecution where the convicted defendant has managed on appeal to have his conviction reversed on grounds other than evidentiary insufficiency.” Id. at 694. Here, Catchings’s convictions were not reversed on the basis of insufficient evidence. Additionally, the United States Supreme Court has held that when a conviction is set aside by the defendant’s appeal, he cannot use double jeopardy as a bar to a new trial. Lockhart v. Nelson, 488 U.S. 33, 38, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988); Trono v. United States, 199 U.S. 521, 533, 26 S.Ct. 121, 50 L.Ed. 292 (1905). There is no reason why the defendant should not “be proceeded against as if no trial had previously taken place.” Trono, 199 U.S. at 533. Therefore, Catchings cannot get his convictions set aside and then claim that he is protected from a new trial by the Double Jeopardy Clause. This issue is without merit.

II. Judicial Vindictiveness

¶ 16. The United States Supreme Court has stated that a judge must affirmatively state in the record reasons for imposing a harsher sentence to eradicate the presumption of vindictiveness on the part of the trial court. North Carolina v. Pearce, 395 U.S. 711, 726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)). In Bush v. State, 667 So.2d 26, 29 (Miss.1996), our supreme court explained that “a judge who hears the defendant, the victim, and other circumstances of the crime at trial is entitled to impose a higher sentence than a judge who hears only the admission of guilt at a plea hearing.” Also, “[a] judge imposing the second sentence but not the first has no reason to be vindictive concerning the defendant’s attack of the first conviction.” Id. The same standard espoused in Bush applies here. In addition to there being a different judge imposing the second set of sentences, the State introduced new evidence at the sentencing hearing, which, according to Bush, entitles a judge to impose a higher sentence.
¶ 17. The judge at the last sentencing hearing heard testimony from Catchings, Catchings’s mother, and one of the victims of the armed robbery. The judge also reviewed Catchings’s letter to his girlfriend regarding the robbery and a report of a violent altercation Catchings had with a corrections officer while detained in the South Mississippi Correctional Institute. The judge acknowledged that the strength of the prosecution’s case had been enhanced dramatically by all of the evidence that was presented. Based on the facts presented, we find that any presumption of vindictiveness was well rebutted. This issue is without merit.
¶ 18. We find that the circuit court’s judgment dismissing Catchings’s PCR motion was proper. Therefore, we affirm the judgment of the circuit court.
¶ 19. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
*1243 LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.