946 So.2d 810 (2006)
Isaac JEWELL, II, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00811-COA.
Court of Appeals of Mississippi.
September 26, 2006.
Certiorari Denied January 4, 2007.
*812 Isaac Jewell, II, appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
ROBERTS, J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. The Appellee's motion for rehearing is denied. The original opinion is withdrawn, and this opinion is substituted therefor.
¶ 2. In the Circuit Court of Lee County on November 17, 2003, Isaac Jewell, II pled guilty to the charge of possession of cocaine with intent to distribute. He was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections, with ten years suspended and five years of post-release supervision.
¶ 3. On January 31, 2004, Jewell filed a motion seeking post-conviction collateral relief, which was denied by the trial court on March 7, 2004. Jewell filed a notice of appeal on April 12, 2004, seeking review of the denial. He now appeals to this Court, arguing (1) ineffective assistance of counsel and (2) that his confession was inadmissible, the search and seizure was illegal and the guilty plea was involuntary.
¶ 4. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 5. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard is de novo." Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).

ANALYSIS
¶ 6. The State asserts that this Court lacks jurisdiction because Jewell's notice of appeal was filed six days late. A notice of appeal must be filed in the trial court within thirty days of the entry of the order or judgment appealed. M.R.A.P. 4(a). All untimely filed appeals must be dismissed, unless in the interests of justice they should be granted. M.R.A.P. 2. Jewell argues that the "prison mailbox rule" applies; therefore, because he mailed the notice of appeal on March 29, 2004, as indicated in his certificate of service, the notice should be considered timely filed.
¶ 7. In Sykes v. State, 757 So.2d 997, 1000-1 (¶ 14) (Miss.2000), our supreme court adopted the prison mailbox rule as applies to post-conviction relief as follows:

*813 [w]e hold that a pro se prisoner's motion for post-conviction relief is delivered for filing under the UPCCRA and the Mississippi Rules of Civil Procedure when the prisoner delivers the papers to prison authorities for mailing. Prison authorities may initiate such procedures as are necessary to document reliably the date of such delivery, by means of a prison mail log of legal mail or other expeditious means. Henceforth, an inmate's certificate of service will not suffice as proof.
¶ 8. In Gaston v. State, 817 So.2d 613, 616 (¶ 13) (Miss.Ct.App.2002), this Court applied the mailbox rule to an appeal of the denial of a motion for post-conviction relief. The State is the movant in a request to dismiss for lack of timeliness and, therefore, bears the burden of proof. Id. at (¶ 6). Thus, although the record does not support Jewell's assertion that the notice was delivered to prison officials within the thirty days, the State has failed to meet its burden of showing that the notice was not timely mailed.
¶ 9. Before moving to the merits of Jewell's appeal, we take this opportunity to address the State's argument on motion for rehearing and clarify the State's burden when requesting this Court to dismiss Jewell's appeal as an untimely appeal. While we do not wish to unduly burden the State, we reiterate that when seeking dismissal for an untimely appeal, the burden is on the State to prove that the prisoner has, indeed, failed to comply with Rule 4(a) of the Mississippi Rules of Appellate Procedure, taking into consideration the prison mail box rule. Sykes, 757 So.2d at (¶ 14). In accordance with Sykes, such proof must be in the form of a "prison mail log of legal mail," or some similarly reliable documentation. A self-authenticating certificate from the records custodian pursuant to Mississippi Rules of Evidence 803(10), 902(4), or 902(11) may well suffice. That this burden rests with the State only makes sense. An individual appealing the denial of his post-conviction relief petition is, obviously, a prisoner. As a prisoner, his access to those documents required to excuse his procedural tardiness, as well as his financial resources necessary to acquire those documents, are severely limited. By contrast, the State, through its agency, the Mississippi Department of Corrections, already has possession of those documents that will prove or disprove the prisoner's assertion that he mailed his appeal to the clerk timely. Given the delay that could occur from the time the prisoner delivers his notice of appeal for mailing to the appropriate prison official and the time said notice is actually filed by the trial court clerk, it is proper that the burden to show the appeal is untimely be on the State. After all, it is the State who seeks to dismiss the prisoner's appeal for tardiness. We hold that in cases such as Jewell's, where the appellant's notice of appeal is filed by the clerk of the trial court within a reasonable time after the expiration of the thirty days allowed by Rule 4(a) of the Mississippi Rules of Appellate Procedure, a rebuttable presumption exists that the appellant's appeal was timely filed, in accordance with the prison mailbox rule. Therefore, in such cases, if the State requests a dismissal for want of a timely appeal they must successfully rebut the presumption of timeliness with proof of its absence in the forms discussed supra.[1]
*814 ¶ 10. In the case sub judice, we consider the jurisdiction proper and now turn to the merits of Jewell's appeal.
I. DID JEWELL RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 11. For a defendant to prevail on a claim that his conviction should be reversed due to ineffective assistance of counsel, he must prove that his counsel's performance was deficient and that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defense counsel is presumed competent. Woodward v. State, 843 So.2d 1, 7 (¶ 14) (Miss.2003). "In order to overcome this presumption, the appellant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Phinisee v. State, 864 So.2d 988, 990 (¶ 9) (Miss.Ct.App.2004). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Jewell must show that his guilty plea was the result of ineffective assistance of counsel, that those errors resulted in his pleading guilty, and that with effective counsel he would not have pled guilty but would have insisted on going to trial. Pleas v. State, 766 So.2d 41, 42 (¶ 7) (Miss.Ct.App.2000).
¶ 12. Jewell argues that his attorney provided deficient assistance because she failed to file a timely motion to suppress prior to his guilty plea. The State responds by arguing that this assertion was not presented to the trial court and is procedurally barred; however, a cursory review of the record indicates that the State is incorrect. Indeed, in his motion for post-conviction relief, Jewell dedicates six paragraphs to this claim.
¶ 13. As an addendum to his brief, Jewell includes a copy of his attorney's motion to suppress the crack cocaine which was discovered at his girlfriend's apartment. The motion was filed on November 17, 2003, the day Jewell entered his guilty plea. Importantly, Jewell fails to substantiate his claim that the motion was filed in an untimely manner. The record does not indicate that the motion was untimely filed, and we decline to make an inferential leap that filing the motion earlier would have altered the outcome of Jewell's proceedings.
¶ 14. In exchange for his guilty plea, the State retired three charges to Jewell's file including two counts of possession of marijuana with intent to distribute and two other unidentified charges. Additionally, Jewell received a sentence of ten years in a pending aggravated assault charge which would run concurrently with his sentence for possession. Jewell's attorney worked with the State to reduce Jewell's outstanding charges as a result of the plea bargain, and we cannot find that Jewell has sufficiently proven her performance was deficient. This issue is without merit.
II. WAS JEWELL'S CONFESSION INVOLUNTARY, THE SEARCH AND SEIZURE ILLEGAL AND GUILTY PLEA INVOLUNTARY?
¶ 15. The defendant bears the burden of proving that a guilty plea was involuntary. Barnes v. State, 803 So.2d 1271, 1274 (¶ 10) (Miss.Ct.App.2002). If this burden is not met, the guilty plea must be upheld as knowing, intelligent and voluntary. Id. When properly entered and accepted, "a guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that *815 the prosecution prove each element of the offense beyond a reasonable doubt." Jefferson v. State, 556 So.2d 1016, 1019 (Miss. 1989) (footnotes omitted). Under the rational of Jefferson, if Jewell's guilty plea was voluntary, it would not be inappropriate to hold that Jewell waived his right to challenge the admissibility of his confession, as well as evidence obtained in the search. See Young v. State, 859 So.2d 1025, 1028 (¶ 9) (Miss.Ct.App.2003).
¶ 16. "A plea is voluntary if the defendant knows what the elements are of the charge against him including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea." Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). During the plea hearing, the trial court thoroughly inquired into Jewell's understanding of the charges and the possible sentences he faced and the effect of the plea bargain. Jewell indicated that he understood the nature of the charges as well as the sentences he faced. Jewell indicated that he understood the consequences of the plea, including that by pleading guilty he waived his right not to incriminate himself, the right to call and confront witnesses, the right to a trial by jury, and the right to have the State formally prove every element of the charge against him. "Solemn declarations in open court [by a defendant] carry a strong presumption of veracity." Gardner v. State, 531 So.2d 805, 810 (Miss. 1988). As such, the record refutes Jewell's unsubstantiated assertion that his guilty plea was involuntary.
¶ 17. Finding that Jewell's confession was voluntarily given, we find that Jewell waived his right to contest the admissibility of evidence seized in the search as well as the admissibility of his confession. See Jefferson, 556 So.2d at 1019; Young, 859 So.2d at 1028 (¶ 9). This issue is without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED $95 TO THE APPELLANT AND THE BALANCE TO LEE COUNTY.
KING, C.J., LEE and MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] We are reluctant to attempt to quantify the parameters of what is and what is not a reasonable time for prison officials to take receipt of the prisoner's legal mail, document that receipt, and the time necessary for the U.S. Postal Service to deliver the mail. In any event, six (6) days, as in Jewell's case, is reasonable.