988 So.2d 942 (2008)
Tommy L. LEWIS a/k/a Tommy Lee Lewis, Sr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00261-COA.
Court of Appeals of Mississippi.
August 12, 2008.
*943 Tommy L. Lewis, Pro Se.
Office of the Attorney General by Lisa Lynn Blount, for appellee.
Before LEE, P.J., CHANDLER, GRIFFIS and ROBERTS, JJ.
ROBERTS, J., for the Court.
¶ 1. On October 22, 2001, Tommy L. Lewis was indicted on two counts of touching of a child for lustful purposes pursuant to Mississippi Code Annotated section 97-5-23(1), one count of statutory rape pursuant to Mississippi Code Annotated section 97-3-65(1)(b), and one count of sexual battery pursuant to Mississippi Code Annotated section 97-3-95(c), all involving the same victim, namely, Lewis's minor daughter. On September 13, 2002, Lewis entered an open plea of guilty to one count of touching a child for lustful purposes, and the State nolle prosequied the remaining three counts. He was sentenced the same day in the Circuit Court of Harrison County to fifteen years in the custody of the Mississippi Department of Corrections, three years suspended, followed by five years of post-release supervision.
¶ 2. In September 2005, Lewis filed a petition for post-conviction collateral relief pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated sections 99-39-1 to 29 (Rev.2007) (the Act). Lewis's petition was summarily denied, and he appealed.

STANDARD OF REVIEW
¶ 3. In terms of a grant or denial of a motion for post-conviction collateral relief, a trial court's factual findings will not be disturbed unless they are found to be clearly erroneous. Jackson v. State, 965 So.2d 686, 688(¶ 6) (Miss.2007). Questions of law, however, are reviewed de novo. Id.

*944 ANALYSIS

I. WHETHER LEWIS'S MOTION WAS TIMELY FILED.
¶ 4. The State argues that Lewis's motion is time-barred because it was filed after the three-year limitation prescribed by the Act. Indeed, barring certain exceptions that are not applicable in the instant case, petitions filed under the Act subsequent to a guilty plea must be "made ... within three (3) years after the entry of judgment of conviction." Miss.Code Ann. § 99-39-5(2) (Rev.2007). In Sykes v. State, 757 So.2d 997, 1000-01(¶ 14) (Miss. 2000), the supreme court adopted the "prison mailbox rule" for motions for post-conviction collateral relief and held that a petitioner's motion is timely "filed" when it is delivered to the prison authorities for mailing within the time allowed in the Act.
¶ 5. In Jewell v. State, 946 So.2d 810, 813(¶ 9) (Miss.Ct.App.2006), this Court applied the prison mailbox rule to the timeliness of a defendant's appeal from the denial of his motion for post-conviction collateral relief. We held that when an appellant's notice of appeal is stamped filed within a reasonable time after the expiration of the time allowed by Mississippi Rule of Appellate Procedure 4(a) a rebuttable presumption exists that it was timely filed. Id. In Jewell, we held six days to be a reasonable time. Id. In order to demonstrate otherwise, the State must present proof, "in the form of a `prison mail log of legal mail,' or some similarly reliable documentation ... [to include] [a] self-authenticating certificate from the records custodian pursuant to Mississippi Rules of Evidence 803(10), 902(4), or 902(11)...." Id.
¶ 6. The record shows that Lewis pled guilty and was sentenced on September 13, 2002. Additionally, his motion for post-conviction collateral relief is stamped filed on September 21, 2005. However, the motion itself is dated September 12, 2005, and is notarized to that fact. The State neither included any evidence of when Lewis deposited his petition with prison officials nor pointed to evidence in the record that supported its position. Therefore, because Lewis's petition was stamped filed within a reasonable period of time after the expiration of the Act's three-year limitation, and the State failed to overcome the presumption of timeliness, we find that the State's claim is without merit.

II. WHETHER LEWIS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 7. Lewis claims that his trial counsel rendered ineffective assistance of counsel. However, Lewis neither claims that his guilty plea was not freely, voluntarily, and intelligently given, nor does he request that this Court reverse his guilty plea as a result of his trial counsel's alleged ineffective assistance. Lewis only requests that his sentence be modified. In the case at hand, such is not the province of this Court. Additionally, because the outcome of Lewis's plea would admittedly not have been different, his ineffective assistance of counsel claim must fail on its face.[1]
¶ 8. Moving to Lewis's qualms concerning his sentence, the supreme court has held that if the sentence imposed by a trial court is within the statutory limits, *945 the sentence will not be reviewed on appeal. Jackson, 965 So.2d at 688(¶ 6) (quoting Reynolds v. State, 585 So.2d 753, 756 (Miss.1991)). Lewis pled guilty to one count of touching a child for lustful purposes, which carries with it a sentencing range of two to fifteen years. Miss.Code Ann. § 97-5-23(1) (Rev.2006). In Lewis's guilty plea petition the defense recommended "fifteen (15) years, suspended, 5 years probation, $5,000.00 fine, [and] cost[s] of court." Ultimately, the trial court sentenced Lewis to fifteen years, with three years suspended under the control and supervision of the Mississippi Department of Corrections, followed by five years of post-release supervision. As the sentence imposed by the trial court was within the statutory mandate of section 97-5-23, this Court lacks the authority to alter it. This issue is without merit.
¶ 9. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.
NOTES
[1] In order to prove ineffective assistance of counsel Lewis must show that his counsel's performance was deficient and such deficiency prejudiced his defense. Givens v. State, 967 So.2d 1, 5(¶ 14) (Miss.2007). Furthermore, "[o]nly where it is reasonably probable that but for the attorney's errors, the outcome of the trial would have been different, will we find that counsel's performance was deficient." Id. (quoting Walker v. State, 863 So.2d 1, 22(¶ 62) (Miss.2003)).