MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Roderic C. Catchings appeals the Rankin County Circuit Court’s dismissal of his motion for post-conviction relief. Finding that the circuit court erred in dismissing Catchings’s motion as successive-writ barred, we reverse and remand the circuit court’s judgment for the court to consider the motion on the merits.
 

 FACTS
 

 ¶ 2. Catchings pleaded guilty to three counts of armed robbery and one count of aggravated assault on November 28, 2005. The circuit court sentenced Catchings to twenty years on the aggravated assault charge and thirty-five year terms on each armed robbery charge, with ten years suspended and all the sentences to run concurrently. An additional charge of conspiracy to commit armed robbery was retired to the file.
 

 ¶ 3. Catchings subsequently filed a motion for post-conviction relief, arguing that his guilty plea was involuntary because he had not been informed that his sentences on the armed robbery counts must be served day for day. The circuit court appointed counsel for Catchings, and on March 17, 2008, the court held a hearing on Catchings’s motion.
 

 
 *554
 
 ¶ 4. The circuit court ultimately found that Catchings’s guilty plea was involuntary. It then offered Catchings a choice: he could elect to be resentenced, or he could withdraw his guilty plea entirely and face trial. The circuit court’s offer was that Catchings would be sentenced to thirty-five years on the each of the armed robbery charges with eighteen years to serve, day for day, with seventeen years suspended. The circuit court stated that this was its estimate of the actual time Catchings would have served if his mistaken understanding of the previous sentence had been accurate. The offer also provided that Catchings would receive the same twenty-year sentence for aggravated assault; the conspiracy count would be retired to the file; and all the sentences would run concurrently. Catchings accepted the court’s offer, and the circuit court resentenced him as promised.
 

 ¶ 5. On November 25, 2008, Catchings filed a second motion for post-conviction relief alleging that he was misinformed regarding the effect of the sentence offered by the circuit court.
 
 [1]
 
 The trial court dismissed the second motion as successive-writ barred, and Catchings appeals from that judgment.
 

 STANDARD OF REVIEW
 

 ¶ 6. This Court reviews the dismissal of a post-conviction relief motion for an abuse of discretion.
 
 Willis v. State,
 
 904 So.2d 200, 201(¶ 8) (Miss.Ct.App.2005). Questions of law, however, are reviewed de novo.
 
 Ruff v. State,
 
 910 So.2d 1160, 1161(¶ 7) (Miss.Ct.App.2005).
 

 ANALYSIS
 

 1. Jurisdiction; Timeliness of Catchings’s Notice of Appeal
 

 ¶ 7. As a threshold issue, the State argues that we must dismiss this appeal for want of jurisdiction because Catchings failed to file a notice of appeal within thirty days of the entry of the trial court’s order dismissing his motion for post-conviction relief, as required by Rule 4(a) of the Mississippi Rules of Appellate Procedure.
 

 ¶ 8. The record indicates that the circuit court filed an order on December 19, 2008, dismissing Catchings’s motion. It then filed a second order to a slightly different effect on December 29, 2008.
 
 [2]
 
 Catchings’s appeal was taken from the second order and was filed on February 5, 2009.
 

 ¶ 9. The State’s argument on this issue is without merit. We enforce the “prison mailbox rule” with regard to notices of appeal filed by prisoners.
 
 See generally Jewell v. State,
 
 946 So.2d 810, 812-18 (¶¶ 7-9) (Miss.Ct.App.2006). In close cases such as this one, the burden is on the State to prove that a prisoner has failed to comply with Rule 4(a) in light of the extra time that may be allowed by the mailbox rule.
 
 Id.
 
 at 813(¶ 9). The State has wholly failed to meet its burden in this case, and we find jurisdiction over Catchings’s appeal.
 

 
 *555
 
 2. Successive-writ Bar
 

 ¶ 10. The circuit court found Catchings’s second motion barred as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Supp.2009), which provides that an order granting post-conviction relief operates as a bar to successive motions. Catchings argues that the bar does not apply because his second motion for post-conviction relief was taken from a separate and distinct conviction and sentence that followed the circuit court’s granting of his first motion for post-conviction relief. We agree.
 

 ¶ 11. Catchings’s first motion for post-conviction relief alleged that his prior guilty plea was involuntary. The circuit court found in his favor and granted the motion. While the circuit court purported only to resentence Catchings, the effect of finding a guilty plea involuntary is to vacate both the guilty plea and the sentence; the court could not set aside the sentence alone.
 
 Courtney v. State,
 
 704 So.2d 1352, 1358(¶ 20) (Miss.Ct.App.1997). Accordingly, we find that the circuit court erred in dismissing Catchings’s motion for post-conviction relief as successive-writ barred. We therefore reverse the circuit court’s judgment and remand the case for that court to consider the motion on the merits.
 

 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.
 

 [1]
 

 . Among other things, Catchings argues that he was misinformed of the effect of having the sentences run concurrently. Catchings alleges that he was told by counsel that he would be released from custody upon completion of the longest sentence—i.e., when he was paroled on the aggravated assault sentence— when in reality he could not be released until he had completed the day-for-day armed robbery sentences.
 

 [2]
 

 . The first order contained additional findings not present in the second order; it would have found the motion barred by the three-year statute of limitations and without merit, but the second order only found it barred as a successive writ.