FAIR, J.,
for the Court:
¶ 1. Ricky Scruggs pled guilty to murder. He later filed a motion for post-conviction relief, which the DeSoto County Circuit Court dismissed without an eviden-tiary hearing. Scruggs now appeals, contending the court erred in accepting his plea without a factual basis and without informing him of the elements of the crime. As we find both of these claims contradicted by the record, we affirm the circuit court’s judgment.
FACTS
¶ 2. Scruggs and two co-defendants were charged with capital murder in the killing of eighty-three-year-old Maxine Andrews during an apparent burglary of her home. Andrews died of suffocation after she was beaten, her legs were bound, and duct tape was placed over her face and upper body. The evidence suggested Andrews had been forced to reveal the location of valuables in the house. It was later discovered that Scruggs and his co-defendants had done work for Andrews in the past. When they were questioned by police, they made damaging admissions that were tantamount to confessions. The three were charged with conspiracy to commit robbery and capital murder with the underlying felony of robbery.
¶ 3. Scruggs was brought to trial in August 2006. After the close of the State’s evidence and the presentation of his first witness, Scruggs accepted a plea offer from the State. Scruggs would plead guilty to simple, non-capital murder; and the conspiracy charge would be remanded to the file. After consulting the victim’s family, the circuit court accepted Scruggs’s plea and sentenced him to life imprisonment. Scruggs entered his guilty plea and was sentenced on August 31, 2006.
¶ 4. On September 25, 2009, Scruggs’s PCR motion was filed in the circuit court. *1175 In the motion, he raised numerous issues, but first and foremost Scruggs claimed he was innocent of the murder. He alleged that police officers had coerced his confession and that he pled guilty only because he feared the death penalty. The circuit court addressed each of Scruggs’s claims, found them all without merit, and dismissed the PCR motion without an eviden-tiary hearing. Scruggs appeals from that judgment.
¶ 5. On appeal, Scruggs raises only two issues. He contends his guilty plea must be set aside because there is no factual basis in the record and because the circuit court did not inform him of the elements of murder before accepting his plea. The State raises the additional issue of whether Scruggs’s PCR motion is time-barred for being filed more than three years after the entry of his guilty plea.
STANDARD OF REVIEW
¶ 6. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2011). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999).
¶ 7. “When reviewing a lower court’s decision to deny a petition for post conviction relief [an appellate court] will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. Young, 731 So.2d at 1122 (¶ 9).
DISCUSSION
1. Time Bar
¶ 8. Before moving on to the merits of the appeal, we must address the State’s contention that Scruggs’s PCR motion is time-barred. Generally, when a conviction results from a guilty plea, Mississippi law allows three years for the filing of a PCR motion. See Miss.Code Ann. § 99-39-5(2) (Supp.2011). The limitations period begins to run with the entry of the judgment of conviction. Id.
¶ 9. In this case, Scruggs’s conviction was entered on August 31, 2006. His PCR motion was not filed until September 25, 2009. The State correctly argues that this is outside the three-year statute of limitations, but that is not the end of our analysis. Under the prison mailbox rule, a pro se prisoner’s motion is considered filed when he delivers the papers to prison authorities for mailing. Sykes v. State, 757 So.2d 997, 1000-1001 (¶ 14) (Miss.2000). We note that although Scruggs’s PCR motion was not filed until September 25, it was mailed to the clerk of the circuit court some time before that. However, after it was received the motion was held by the circuit clerk until the circuit court entered an order permitting it to be filed informa pauperis, i.e., without the payment of fifing fees. The circuit court order suggests that the court took some time to verify Scruggs’s claims of poverty before allowing the motion to be filed. Scruggs’s PCR motion is dated August 24, 2009, but the circuit court order permitting it to be filed was not entered until September 23. The actual fifing of the PCR was two days later, on September 25.
¶ 10. The date on Scruggs’s motion is not determinative under the mailbox rule; it is the day the motion was *1176 delivered to prison authorities for mailing that controls as the filing date. The record is silent on when that occurred. Consequently, this issue hinges on which side bears the burden of proof. Precedent is clear that since the State is the movant in a request to dismiss on appeal, it bears the burden of proving the prisoner did not deliver his motion on time. See Jewell v. State, 946 So.2d 810, 813 (¶ 13) (Miss.Ct.App.2006) (timeliness of notice of appeal from PCR dismissal); Rhone v. State, 957 So.2d 1018, 1021-22 (¶9) (Miss.Ct.App.2006) (initial filing of PCR motion). We note that the State did not assert the time bar in the circuit court, despite being instructed to respond to Scruggs’s PCR motion. Nor did the circuit court, on its own motion, hold the motion time-barred.
¶ 11. We find Scruggs’s motion to be a “close case” where we cannot infer that the motion was untimely from when it was ultimately filed. See Catchings v. State, 35 So.3d 552, 554 (¶ 9) (Miss.Ct.App.2010). Since this is a close case, to secure dismissal on appeal the State must produce reliable evidence of the mailing date “in the form of a prison mail log of legal mail, or some similarly reliable documentation.” Jewell, 946 So.2d at 813 (¶ 9) (elaborating on the potential sources of this proof that are available to the State). It has not done so.
¶ 12. The record does not show that Scruggs’s motion was mailed outside the statute of limitations. As the State bears the burden of proof, we conclude that Scruggs’s motion has not been shown to be time-barred under section 99-39-5(2).
2. Factual Basis
¶ 13. In his first issue on appeal, Scruggs contends the circuit court did not have a sufficient factual basis to accept his guilty plea.
¶ 14. The State argues that this issue is procedurally barred because Scruggs failed to raise it in his PCR motion before the circuit court. However, our own review of the motion reveals that the factual basis for Scruggs’s guilty plea was in fact challenged, albeit without the issue being specifically enumerated or assigned its own heading. We find this issue procedurally alive.
¶ 15. “Before the trial court may accept a plea of guilty, the court must determine that ... there is a factual basis for the plea.” URCCC 8.04(A)(3). The Mississippi Supreme Court has elaborated on this requirement as follows:
The factual-basis component of the rule requires that, before it may accept the plea, the circuit court have before it ... substantial evidence that the accused did commit the legally defined offense to which he is offering the plea. What facts must be shown depends on the crime and its assorted elements. There are numerous ways by which the facts may be found, but what ultimately is required is there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged.
Burrough v. State, 9 So.3d 368, 373 (¶ 14) (Miss.2009) (internal citations and quotations omitted).
¶ 16. The record reveals a clear factual basis for the guilty plea. Scruggs pleaded guilty after his capital murder trial had proceeded beyond the State’s casein-chief. During the trial, the State presented Scruggs’s confession to police officers and two recorded conversations between Scruggs and members of his family. In the statement and recordings, Scruggs gave varying accounts of his participation in the robbery and murder of Andrews. He stated that he and his co-defendants had gone to Andrews’s home to borrow *1177 money or to rob her, that he had waited outside innocently or had acted as a lookout, that the killing had been accidental or intentional, and so forth. At any rate, Scruggs admitted that he had participated in the robbery and murder of Andrews. Two witnesses also corroborated Scruggs’s confession by testifying that they had seen two or three men hurriedly leaving Andrews’s home in a maroon vehicle similar to the one Scruggs stated his party had used on the day of the murder.
¶ 17. The trial court found this evidence sufficient to overrule Scruggs’s motion for a directed verdict at the close of the State’s case. Having reviewed the record, we agree that there is a sufficient factual basis for Scruggs’s guilty plea. This issue is without merit.
3. Voluntary Plea; Nature of Offense
¶ 18. In his second issue on appeal, Scruggs contends the trial judge failed to inform him of the elements of the offense of murder.
¶ 19. The State argues that this issue was not raised in Scruggs’s initial PCR motion and is thus procedurally barred on appeal. But, again, a review of the motion reveals that Scruggs did in fact contend that he had not been informed of the elements of the offense. This issue is not procedurally barred.
¶ 20. A plea is considered voluntary and intelligent if the defendant is advised about the nature of the charge against him and the consequences of the entry of the plea. Loden v. State, 971 So.2d 548, 573 (¶ 60) (Miss.2007). “To determine whether the plea is voluntarily, knowingly, and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea.” Burrough v. State, 9 So.3d 368, 373 (¶ 11) (Miss.2009).
¶ 21. Ideally, the elements of the offense should be explained to the defendant by the trial judge at the time the plea is taken. However, the United States Supreme Court has held that failure to do so does not necessarily render a guilty plea invalid. Instead, the critical issue is whether the defendant was aware of the nature of the offense, from whatever source. See Bradshaw v. Stumpf, 545 U.S. 175, 182-83, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005).
¶ 22. In this case, Scruggs is correct that the trial judge did not inform him of the elements of the offense. However, the record contains a petition to enter a guilty plea executed by Scruggs and one of his defense attorneys. In the petition, Scruggs and his attorney stated under oath that Scruggs had been informed of the nature of the charges and the elements of the offense. During the plea colloquy, the judge asked Scruggs whether he had reviewed the plea petition and whether it was truthful; Scruggs responded to both questions in the affirmative. Scruggs also reaffirmed that he understood the charge against him. “[T]he constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel.” Id. at 183, 125 S.Ct. 2398. Moreover, at the time of his plea Scruggs had just sat through the State’s case in his capital murder trial and was undoubtedly aware of the nature of capital murder, of which murder is a lesser-included offense.
¶ 23. After reviewing the record, we find that Scruggs admitted under oath that he had been informed of the nature of the crime of murder. Scruggs’s unsupported *1178 claims to the contrary do not entitle him to an evidentiary hearing. See, e.g., Callins v. State, 975 So.2d 219, 230 (¶ 25) (Miss.2008). This issue is without merit.
¶ 24. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.