# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00296-COA

**ORDELL NORMAN**                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                   **APPELLEE**

DATE OF JUDGMENT:              02/09/2023
TRIAL JUDGE:                   HON. BRAD ASHLEY TOUCHSTONE
COURT FROM WHICH APPEALED:     LAMAR COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        ORDELL NORMAN (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: CASEY BONNER FARMER
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   REVERSED AND REMANDED - 07/23/2024
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     On January 26, 2021, a Lamar County Circuit Court jury convicted Ordell Norman of possession of a controlled substance. Norman represented himself, pro se, with his appointed advisory counsel present.[1] The circuit court sentenced him on February 3, 2021. Norman did not file a direct appeal of the conviction. *See* M.R.A.P. 4(a).

¶2.     Norman filed a pro se fill-in-the-blank "Post-Conviction Petition for Out of Time Appeal, Appointment of Appellate Counsel and for Other Relief" on October 21, 2021, claiming that neither the circuit court nor his advisory counsel advised him of his right to appeal his conviction. While this first motion was pending before the court, Norman filed

---

[1] The trial transcript is not in the record. This information was obtained from the circuit court's orders.

a second post-conviction motion for an out-of-time appeal on April 21, 2022, reasserting his claim that he was not advised of his right to appeal.[2]  Paragraph 4 of these two motions stated, "Relief for an out of time appeal is requested pursuant to Miss. R. App. Proc. Rule 4(g) and (h), if applicable, and Miss[issippi] Code Ann[otated section] 99-39-5(l)(i)."

¶3.    On May 26, 2022, the circuit court entered two orders denying Norman's separate motions for an out-of-time appeal.[3]  In both orders, the court reasoned that Mississippi Rule of Appellate Procedure 4(h) permits a trial court to "reopen the time for appeal" if a party can demonstrate that he did not receive notice and that the motion for an extension of time was filed within 180 days of entry of the judgment or order, or within seven days of the receipt of such notice, whichever is earlier.  *See* M.R.A.P. 4(h).  While the circuit court found "no indication in the record that Norman received notice of the entry of his sentencing order," the court determined that Norman's PCR motions were filed more than 180 days after his sentencing order was entered (on February 3, 2021).  Thus, the circuit court denied Norman's motions for lack of jurisdiction.  Norman did not appeal from the court's May 2022 orders.

---

[2] Norman also filed two "Petition[s] for Post Conviction Collateral Relief to Vacate Set Aside Illegal and Unlawful Conviction and Sentence" with the Mississippi Supreme Court.  The first one was filed on December 16, 2021; the second one was filed on July 20, 2022.  Neither filing raised the issue before us in this matter, and the supreme court dismissed each motion for post-conviction relief without prejudice because Norman had not appealed his conviction and/or sentence. *See* No. 2021-M-01376-SCT; No. 2022-M-00725-SCT.

[3] Although the court "denied" Norman's motions, the proper disposition was that the motions were dismissed, not denied.  As this Court has noted, "[i]n a 'dismissal,' the court finally disposes of an action, suit, motion, etc. without reaching the merits and without trial of the issues involved." *Hull v. State*, 356 So. 3d 169, 171 n.1 (Miss. Ct. App. 2023).  A court's denial of a motion involves "review[ing] and reach[ing] a finding on the merits of [the petitioner's] claims[.]" *Id.*

¶4.     Norman filed a third fill-in-the-blank "Post-Conviction Petition for Out of Time Appeal, Appointment of Appellate Counsel and for Other Relief" on February 7, 2023, again arguing that he was not informed at trial of his right to appeal his conviction. This time, paragraph 4 only stated that "[r]elief for an out of time appeal is requested pursuant to Miss. Code Ann. § 99-39-5(1)(i)." The circuit court denied Norman's motion on February 9, 2023, on the basis that it was his "third motion for such relief" and that Norman made "no argument the court has obtained jurisdiction or was mistaken in its earlier order." Norman appeals the circuit court's ruling.[4] Because the circuit court erred by failing to consider Norman's timely motion for an out-of-time appeal under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), we reverse and remand the court's order for further proceedings.

_____

[4] Norman's notice of appeal was filed on March 14, 2023, thirty-four days after the court entered its order. *See* M.R.A.P. 4(a) (requiring notice of appeal to be filed within thirty days "after the date of entry of the judgment or order appealed from"). However, the notice of appeal was signed on March 7, within the thirty days required by Rule 4(a). (The affidavit of indigence was also signed and notarized on March 7.) Our Court has held, "A prisoner's delivery of a notice of appeal to prison authorities for mailing within thirty days after the entry of the judgment or order appealed from effects a timely filing under Mississippi Rule of Appellate Procedure 4(a)." *Holloway v. King*, 358 So. 3d 1105, 1107 (¶4) (Miss. Ct. App. 2023). "[T]he State bears the burden of proof on the issue of timeliness because the State is the party moving for dismissal of this appeal." *Melton v. State*, 930 So. 2d 452, 454-55 (¶8) (Miss. Ct. App. 2006). Although Norman has not provided proof of the date he presented his notice of appeal for mailing, neither has the State established that Norman failed to deliver his notice of appeal to prison authorities within the thirty-day window. Furthermore, the State has not challenged the timeliness of Norman's appeal. We therefore find that Norman timely perfected his appeal. *See Owens v. State*, 17 So. 3d 628, 632 (¶5) (Miss. Ct. App. 2009) (holding that when a "petitioner's notice of appeal from his denial of his motion for post-conviction relief 'is stamped filed within a reasonable time after the expiration of the time allowed by [Rule 4(a)], a rebuttable presumption exists that it was timely filed'" (quoting *Lewis v. State*, 988 So. 2d 942, 944 (¶5) (Miss. Ct. App. 2008))).

**STANDARD OF REVIEW**

¶5. "When a circuit court summarily denies or dismisses a request for an out-of-time appeal, we review the decision for abuse of discretion." *Thomas v. State*, 314 So. 3d 1181, 1183 (¶25) (Miss. Ct. App. 2021) (quoting *Pulliam v. State*, 282 So. 3d 734, 736 (¶7) (Miss. Ct. App. 2019)).

**DISCUSSION**

¶6. Norman's February 2023 petition expressly requested relief for an out-of-time appeal under section 99-39-5(1)(i), not Rule 4. The UPCCRA permits "[a]ny person sentenced by a court of record of the State of Mississippi" to file a PCR motion on the basis "[t]hat he is entitled to an out-of-time appeal." Miss. Code Ann. § 99-39-5(1)(i) (Rev. 2020). The UPCCRA further provides:

> A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, *within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired* . . . .

Miss. Code Ann. § 99-39-5(2) (emphasis added). Norman's PCR motions for an out-of-time appeal were all filed within three years of the circuit court's entry of the judgment of conviction. Therefore, we find the court's rulings that it lacked jurisdiction were error. *See Smith v. State*, 290 So. 3d 1244, 1246 (¶5) (Miss. 2020) (holding that while Rule 4(h) did procedurally bar the movant "from obtaining relief," the trial court erred in "fail[ing] to consider [his] request for relief under [section] 99-39-5(1)(i)").

¶7. The State contends, however, that Norman's third motion for an out-of-time appeal

is nevertheless barred as successive under the UPCCRA because Norman did not appeal from the circuit court's order dismissing his first motion seeking an out-of-time appeal. Mississippi Code Annotated section 99-39-23(6) (Rev. 2020) states that a prior dismissal of a petitioner's motion or other denial of relief "is a final judgment and shall be conclusive until reversed" and "shall be a bar to a second or successive motion" under the UPCCRA.

¶8. Although the dissent would agree with the State that Norman's motion is barred for this reason, we do not for one simple reason. At no time did the circuit court consider whether Norman's motion was timely under the UPCCRA, as conceded by the State (noting the court "failed to consider Norman's request as a post-conviction matter").[5] Instead, the court denied Norman's motion by upholding its prior rulings *that it lacked jurisdiction under Rule 4*. In *Rodgers v. State*, 327 So. 3d 675, 677 (¶7) (Miss. Ct. App. 2021), we reversed and remanded the dismissal of the petitioner's PCR motion because the court had failed to address his "entitlement to an out-of-time appeal under the UPCCRA."[6] *See also Pulliam*, 282 So. 3d at 737 (¶13) (reversing court's ruling the petitioner was not entitled to relief under Rule 4(g) and remanding for court to make a determination whether petitioner's PCR motion

---

[5] Despite the State's acknowledgment, the dissent asserts that the circuit court's denial of the motion under the UPCCRA, while not "expressly addressed," may be implied through its final judgments on the matter. *See Harrison v. B.F. Goodrich Co.*, 881 So. 2d 288, 293 (¶21) (Miss. Ct. App. 2004). That case, however, concerned a motion for leave to amend a complaint, and our precedent (as discussed) clearly holds that a court's failure to address a petitioner's request for an out-of-time appeal under the UPCCRA, when requested, should be remanded for such consideration.

[6] We noted that while "not explicitly stated, it appears from the language the circuit court used in its judgment that the court dismissed Rodgers's motion after finding no basis for relief under" Rule 4. *Rodgers*, 327 So. 3d at 678 n.1.

for an out-of-time appeal "meets the requirements of section 99-39-9 and states a ground for relief"). Although we acknowledge that these cases concerned the petitioners' first PCR motions, not their third (as here), we nonetheless find them applicable in the present case because the circuit court's dismissal of Norman's motions was not based on section 99-39-5 of the UPCCRA. For this Court now to rely on the UPCCRA to bar the consideration of Norman's timely motion for an out-of-time appeal as successive would be untenable, as the motion was never considered under the UPCCRA.

¶9.    Accordingly, we reverse and remand the court's judgment for consideration of whether Norman is entitled to relief under the UPCCRA.

¶10.    **REVERSED AND REMANDED.**

**WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. EMFINGER, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY CARLTON AND WILSON, P.JJ., AND SMITH, J.**

**EMFINGER, J., DISSENTING:**

¶11.    Because I would affirm the circuit court's denial of Norman's third motion for an out-of-time appeal of his 2021 conviction of possession of a controlled substance, I respectfully dissent.

¶12.    On October 21, 2021, Norman filed a printed "fill in the blank" document entitled "Post Conviction Petition for Out of Time Appeal, Appointment of Appellate Counsel and for Other Relief." The circuit clerk filed it in the same criminal file as Norman's conviction for which he sought an out-of-time appeal. In support of his claim for relief, he stated in paragraph 4:

Relief for an out of time appeal is requested pursuant to Miss. R. App. Proc. Rule 4(g) and (h), if applicable, and **Miss. Code Ann. § 99-39-5(1)(i)**. *See Smith v. State*, 290 So. 3d 1244 (Miss. 2020); *Fair v. State*, 571 So. 2d 965 (Miss. 1990); *Williams v. State*, 24 So. 3d 360 (Miss. App. 2009); *Minnifield v. State*, 585 So. 2d 723, 724 (Miss. 1991), Miss. Code Ann. § 99-35-101 (1972).

(Emphasis added). Attached to this first petition was a hand-written "Argument" wherein Norman claimed that neither the trial court nor his "Advisory Counsel" informed him of his right to appeal following his conviction.

¶13.    On April 21, 2022, Norman filed a hand-written form identical to the one he had filed on October 21, 2021. Paragraph 4 of this hand-written form is identical to the paragraph set forth above.

¶14.    On May 26, 2022, separate orders denying Norman's request for an out-of-time appeal were filed. The orders were nearly identical. In these orders, Judge Mozingo denied Norman's motions, finding that his requests for relief pursuant to Mississippi Rule of Appellate Procedure 4(h) were untimely and that the court had no authority to grant Norman's requests for an out-of-time appeal.  The judge's orders did not expressly address Norman's alternative claim for an out-of-time appeal pursuant to section 99-39-5(1)(i) in the Mississippi Uniform Post-Conviction Collateral Relief Act. However, Norman's requests for an out-of-time appeal (regardless of the basis of the claim) in both motions were denied. These were final, appealable orders.[7]

---

[7] In *Harrison v. B.F. Goodrich Co.*, 881 So. 2d 288, 293 (¶21) (Miss. Ct. App. 2004), this Court reasoned:

The denial of a motion by the district court, although not formally expressed, may be implied by the entry of final judgment (which is in effect an overruling

¶15. Norman simply did not appeal the denial of either of these motions. However, over eight months later, on February 7, 2023, Norman filed another motion for an out-of-time appeal that was almost identical to the printed "fill in the blank" motion that he had filed on October 21, 2021. This motion was filed by the circuit clerk as a new civil filing. The only difference from the earlier motions was that Norman omitted any claim for relief pursuant to Mississippi Rule of Appellate Procedure 4(h). In this petition, Norman relied solely on section 99-39-5(1)(i).

¶16. On February 9, 2023, Circuit Judge Touchstone entered an order denying Norman's requested relief, noting that this was Norman's third motion for an out-of-time appeal. Concerning the earlier denials, the court stated:

> The Court previously found it is without jurisdiction to grant Norman the relief he seeks, and, in the instant motion, he makes no argument the Court has obtained jurisdiction or was mistaken in its earlier order.

¶17. The State argues that the third motion for an out-of-time appeal was barred as successive pursuant to Mississippi Code Annotated section 99-39-23(6) (Rev. 2020). I agree. All three motions Norman filed sought relief pursuant to our PCR statute 99-39-5(1)(i).

¶18. In both cases relied upon by the majority, *Smith* and *Rodgers*, the petitioners appealed the *first* denial of their requests for an out-of-time appeal. *Smith v. State*, 290 So. 3d 1244, 1245 (¶2) (Miss. 2020); *Rodgers v. State*, 327 So. 3d 675, 676 (¶¶2-3) (Miss. Ct. App. 2021).

---

of pending pretrial motions) **or of an order inconsistent with the granting of the relief sought by the motion**. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F. 2d 663, 666 (5th Cir. [Unit A] 1981).

(Emphasis added).

8

*Smith* was factually quite similar to the case at bar. Smith sought relief pursuant to both Rule 4(h) and section 99-39-5(1)(i). *Smith*, 290 So. 3d at 1246 (¶5). The trial court denied Smith's motion finding that the request pursuant to Rule 4(h) was untimely. *Id.* at 1245 (¶1) Smith appealed, and the Mississippi Supreme Court reversed and remanded the case for the circuit court to consider the motion pursuant to section 99-39-5(1)(i). *Id.* at 1247 (¶8).

¶19. In *Rodgers*, the inmate filed a timely motion for post-conviction collateral relief seeking an out-of-time appeal. *Rodgers*, 327 So. 3d at 676 (¶1). Rodgers claimed that his trial attorney failed to perfect a timely appeal despite Rodgers' repeated request that he do so. *Id.* at (¶3). The trial court dismissed Rodgers' motion as untimely. *Id.* at (¶1). This Court noted that although not explicitly stated, it appeared the trial court had relied upon Rule 4(h) to find the motion untimely.[8] This Court reversed and remanded the matter to the circuit court for consideration pursuant to the UPCCRA.

¶20. Had Norman appealed the first denial of his request for an out-of-time appeal, the likely result would have been to reverse and remand, just as in *Smith* and *Rodgers*. However, I cannot agree with the majority that the same result should apply to his third effort. I would affirm the circuit court's denial of this third effort as a successive motion for post-conviction collateral relief.[9]

---

[8] It is not clear from the opinion whether Rodgers' motion had actually sought relief pursuant to Rule 4(h).

[9] While this was not exactly the same reason given by the circuit court, in *Hughes v. State*, 360 So. 3d 657, 660 (¶6) (Miss. Ct. App. 2023), we stated:

> Furthermore, "[i]t is well-settled law that on appeal this Court may affirm a circuit court's ruling for different reasons than those offered by the circuit

**CARLTON AND WILSON, P.JJ., AND SMITH, J., JOIN THIS OPINION.**

---

court." *Dunaway v. State*, 111 So. 3d 117, 119 (¶10) (Miss. Ct. App. 2013).