# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-00074-COA

**KENDRICK QUINTARIUS GATES A/K/A**  **APPELLANT**
**KENDRICK GATES**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

DATE OF JUDGMENT:  12/07/2023
TRIAL JUDGE:  HON. WILLIAM HUNTER NOWELL
COURT FROM WHICH APPEALED:  BOLIVAR COUNTY CIRCUIT COURT,
  SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:  KENDRICK QUINTARIUS GATES (PRO SE)
ATTORNEY FOR APPELLEE:  OFFICE OF THE ATTORNEY GENERAL
  BY: SCOTT STUART
NATURE OF THE CASE:  CIVIL - POST-CONVICTION RELIEF
DISPOSITION:  AFFIRMED - 05/19/2026
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., LAWRENCE AND EMFINGER, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.    Kendrick Gates appeals the dismissal of his motion for post-conviction collateral relief (PCR), arguing that he was wrongfully denied parole. The circuit court dismissed the PCR motion as time-barred.  After review, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    On September 26, 2019, Gates was indicted for one count of enticement of a child to meet for sexual purposes, violating Mississippi Code Annotated section 97-5-33(6) (Rev. 2014) (Count I); enticement of a child to produce a visual depiction of sexual conduct, violating Mississippi Code Annotated section 97-5-33(7) (Count II); sexual battery in

violation of Mississippi Code Annotated section "97-3-97(1)(d)" (Count III),[1] and gratification of lust in violation of Mississippi Code Annotated section 97-5-23 (Supp. 2015) (Count IV). Gates pled guilty to Counts I, II, and III, and on November 13, 2020, a judgment of conviction and sentencing was entered.[2]

¶3. Gates was sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC) for Count I, with five years suspended under supervised probation after Gates has served ten years. For Count II, Gates received the same sentence as Count I—fifteen years, with five years suspended under supervised probation once Gates has served ten years. For Count III, Gates was sentenced to forty years in the custody of MDOC, with fifteen years suspended and placement on five years of supervised probation and ten years

---

[1] The indictment, sentencing judgment, and order dismissing the PCR motion stated that Gates violated section 97-3-97(1)(d). In the transcript, Gates admitted to guilt under section "97-3-97-1." The electronic docket lists Count III as a violation of Mississippi Code Annotated section 97-3-95. Gates argued that the evidence submitted by the State demonstrated that he should be sentenced under Mississippi Code Annotated section "97-3-95(2)(a)" to a lesser sentence of five years. There is no Mississippi Code Annotated section 97-3-97(1)(d) or section 97-3-95(2)(a). There is a Mississippi Code Annotated section 97-3-95(1)(d), which contained the essential elements and the correct Code section that Gates actually pled guilty to. There was an obvious scrivener's error that did not render the indictment defective. *Evans v. State*, 916 So. 2d 550, 552 (¶6) (Miss. Ct. App. 2005) ("[T]he incorrect citation of a statute number does not alone render an indictment defective[.]" (citing *White v. State*, 169 Miss. 332, 153 So. 387, 388 (1934)). Regardless, this error is waived by Gates's guilty plea to the crime of sexual battery. *Kincaid v. State*, 711 So. 2d 873, 877 (¶19) (Miss. 1998) ("[A] valid guilty plea. . . admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects[.]" (quoting *Conerly v. State*, 607 So. 2d 1153 (Miss. 1992)).

[2] The State indicated for the record that it was remanding Count IV, "Gratification of Lust," to the file. Although the judgment was dated November 10, 2020, and stamped "filed" by the Bolivar County Circuit Court Clerk that same day, the electronic docket reflects that the judgment was entered on November 13, 2020.

2

of unsupervised probation after Gates has served twenty-five years. These sentences were to "run concurrently, one with the other, but consecutive to any and all sentences previously imposed."

¶4. On November 16, 2023, Gates filed a PCR motion, arguing that he was being wrongfully denied parole and requesting a copy of his records and transcripts. The circuit court dismissed Gates's motion as untimely but also addressed the merits of Gates's argument. The court found that pursuant to Mississippi Code Annotated section 47-7-3(1)(b) (Rev. 2020), the law "explicitly *PROHIBITS* Mr. Gates from being released on parole." Having dismissed Gates's PCR motion, the court also denied Gates's request for records. Gates filed an untimely notice of appeal that, by order of this Court on March 5, 2024, was allowed to proceed for consideration of the merits of the appeal.

## STANDARD OF REVIEW

¶5. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Love v. State*, 391 So. 3d 1170, 1175-76 (¶14) (Miss. 2024) (internal quotation marks omitted) (quoting *Hathorne v. State*, 376 So. 3d 1209, 1211 (¶5) (Miss. 2023)).

## ANALYSIS

¶6. Pursuant to Mississippi Code Annotated section 99-39-5 (Rev. 2020), a PCR motion must be brought "within three (3) years after entry of the judgment of conviction" in the case of a guilty plea. In this case, Gates pled guilty on November 10, 2020, and the judgment of

3

conviction was entered no later than November 13, 2020. Over three years later, on November 16, 2023, Gates filed his PCR motion.

¶7. Gates argued that based on the prison mailbox rule, his pro se motion was timely. This mailbox rule provides that "a pro se prisoner's motion for post-conviction relief is delivered for filing under the [Uniform Post-Conviction Collateral Relief Act (UPCCRA)] and the Mississippi Rules of Civil Procedure when the prisoner delivers the papers to prison authorities for mailing." *Sykes v. State*, 757 So. 2d 997, 1000-01 (¶14) (Miss. 2000).[3]

¶8. The circuit court found that "Gates d[id] not allege that any of the statutory [time-bar] exceptions apply to him" but, instead, that MDOC's failure to list Gates as parole eligible "is a deprivation of Petitioner's liberty interest protected by the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment." Gates further argued that "the fundamental and constitutional rights exception" allowed him to overcome the three-year statutory bar. Following the Mississippi Supreme Court's holding in *Howell v. State*, 358 So. 3d 613, 615 (¶8) (Miss. 2023), this Court is prohibited from applying "judicially crafted fundamental-rights exception[s] to constitutional, substantive enactments of the Legislature such as the three-year statute of limitations applicable to petitions for post-conviction relief." It appears that Gates's argument would not overcome the time-bar. *See Deer v. State*, 420

---

[3] Gates contends that the "motion, prison mail log, the prison notary public seal," postmark, and "the certificate of service" evidence that he submitted the papers to the prison authorities before November 10, 2023. This Court finds that the notary date is illegible, and there is no prison mail log or mailing envelope for his petition in the record. Although the certificate of service for Gates's motion to proceed in forma pauperis and affidavit of poverty was clearly dated November 7, 2023, the supreme court has held that "an inmate's certificate of service will not suffice as proof." *Id.*

So. 3d 924, 926 (¶6) (Miss. Ct. App. 2025).

¶9.     However, this Court's precedent in *Lewis v. State*, 988 So. 2d 942, 944 (¶¶5-6) (Miss. Ct. App. 2008), expanded the time allowed under the prison mailbox rule by applying a rebuttable presumption that a prisoner's PCR motion is timely if it is "stamped filed within a **reasonable period of time** after the expiration of the Act's three-year limitation[.]"[4] (Emphasis added).  According to our precedent, the burden is on the State to overcome the presumption of timeliness.  *Id.*  Although Gates did not raise this caselaw, we follow our precedent.  This Court has deemed six days to be reasonable, and Gates's motion was approximately three days late.  *Jewell v. State*, 946 So. 2d 810, 813 n.1 (Miss. Ct. App. 2006).

¶10.    On December 22, 2025, this Court received a piece of mail from Gates that contained what appears to be a copy of the prison mail log.  It showed that Gates had outgoing correspondence to the Bolivar County Circuit Court Clerk on November 7.  The year of the outgoing mail is cut off from the copy, but the top of the page clearly denotes the timeframe of the correspondence was between November 1, 2023, to November 30, 2023.[5]

---

[4]   We acknowledge that this Court's decision under *Lewis*, extending for a "reasonable time" the period for filing a PCR under the prison mailbox rule, has not been addressed by the supreme court since *Howell v. State*, 358 So. 3d 613 (Miss. 2023), nor was *Lewis* addressed in *Howell*.  However, the supreme court specifically stated in *Howell*, "We further recognize that, in specific cases, other arguments or doctrines, **e.g., equitable tolling**, might be available to afford relief from the statute of limitations."  *Id.* at 615 (¶12) (emphasis added).  Without additional clarification from the supreme court or arguments from the parties, we will continue to follow our precedent.

[5]   This document was not included in the appellate record, and the record on appeal was not properly supplemented pursuant to Mississippi Rule of Appellate Procedure 10(e).  *See In re Validation of Tax Anticipation Note, Series 2014*, 187 So. 3d 1025, 1031 (¶13)

¶11. However, it is important to note, too, that if the document Gates mailed to our appellate courts was, in fact, the mail log from MDOC, then his PCR filing to the circuit court may have been timely under the prison mailbox rule. *See Sykes*, 757 So. 2d at 1000-01 (¶14) ("[A] pro se prisoner's motion for post-conviction relief is delivered for filing under the UPCCRA and the Mississippi Rules of Civil Procedure when the prisoner delivers the papers to prison authorities for mailing."). Regardless of whether Gates's PCR motion was a few days late or timely under the prison mailbox rule, we will address the merits of his appeal.

¶12. The circuit court found that the law "explicitly ***PROHIBITS*** Mr. Gates from being released on parole." Section 47-7-3(1)(b) states: "**Sex offenders.** Any person who has been sentenced for a sex offense as defined in Section 45-33-23(h) shall not be released on parole except for a person under the age of nineteen (19) who has been convicted under Section 97-3-67." Mississippi Code Annotated section 45-33-23(h) (Rev. 2020) defines "sex offense" to include offenses under "Section 97-5-33 relating to the exploitation of children" and "Section 97-3-95 relating to sexual battery[.]" Gates admitted guilt under section 97-5-33 and to sexual battery for actions taken when he was age 31 and the victim was age 12. Pursuant to section 47-7-3(1)(b), Gates is not entitled to parole. Gates's argument that he is

(Miss. 2016) ("This Court has held that Rule 10(e) 'is not a vehicle for admitting new evidence into the record, a role generally reserved for the trial court; rather Rule 10(e) is a method for correcting the appellate record to reflect what occurred in the trial court.'" (quoting *Corrothers v. State*, 148 So. 3d 278, 315 (¶98) (Miss. 2014))).

wrongfully being denied parole is without merit.[6]

## CONCLUSION

¶13. Accordingly, we affirm the circuit court's order denying relief and dismissing Gates's

motion.

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. WILSON, P.J., WESTBROOKS AND McDONALD, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

---

[6] Gates presented numerous arguments to this Court as to why he should be entitled to parole. None of his arguments, however, overcome our statutes that specifically prohibit granting him parole. We will not address those arguments because we are required to follow our Legislature's enactments. *Little v. Miss. Dept. of Transp.*, 129 So. 3d 132, 139 (¶12) (Miss. 2013) ("We—the judicial branch of government—should not place ourselves in the position of changing the substantive law enacted by the Legislature[.]" (citing *Stockstill v. State*, 854 So. 2d 1017, 1022-23 (¶13) (Miss. 2003))).